[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Target Auto Repair v. Morales,* Slip Opinion No. 2022-Ohio-2062.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2062

THE STATE EX REL. TARGET AUTO REPAIR, APPELLANT, *v.* MORALES ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Target Auto Repair v. Morales, Slip Opinion No. 2022-Ohio-2062.*]

*Workers' compensation—Civ.R. 53(D)(3)(b)(iv)—Employer's petition for writ of mandamus reversing the Industrial Commission's award of additional compensation to an injured worker as a result of the employer's violation of a specific safety requirement was correctly denied by the appellate court when the employer failed to file timely objections to the magistrate's decision recommending the denial of the requested writ—Motion for relief from judgment under Civ.R.60(B)—Court of appeals was stripped of jurisdiction to rule on employer's motion for relief from judgment under Civ.R. 60(B) once employer filed notice of appeal to the Supreme Court of Ohio from the court of appeals' judgment denying the requested writ of mandamus—Judgment affirmed.*

(No. 2019-1349—Submitted March 29, 2022—Decided June 21, 2022.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-716.

_____

**Per Curiam.**

{¶ 1} Article II, Section 35 of the Ohio Constitution allows for awards of additional compensation to workers who sustain injury as a result of their employers' violation of a specific safety requirement ("VSSR"). Appellee Industrial Commission of Ohio granted such an award to injured worker and appellee Josue Morales. Morales's self-insured employer, appellant, Target Auto Repair, asked the Tenth District Court of Appeals to issue a writ of mandamus ordering the commission to vacate its decision and deny Morales's application for a VSSR award. The Tenth District adopted its magistrate's decision and denied the writ in an August 20, 2019 judgment, and Target Auto Repair appealed to this court.

{¶ 2} We affirm the Tenth District's judgment denying the writ because Target Auto Repair's arguments on appeal derive directly from the Tenth District magistrate's decision to which Target Auto Repair failed to timely object.

### I. FACTS AND PROCEDURAL HISTORY

#### A. Injury and VSSR Award

{¶ 3} Morales sustained injuries while working as an auto-body-repair technician for Target Auto Repair on February 27, 2014. His workers' compensation claim was allowed for multiple conditions, including the total loss of vision in his left eye. He also applied for a VSSR award, alleging that Target Auto Repair had violated multiple sections of the Ohio Administrative Code. The commission granted Morales's application for a VSSR award in the amount of 50 percent of the maximum weekly rate. Target Auto Repair requested reconsideration, which the commission denied.

#### B. Mandamus Action and Appeal

{¶ 4} Target Auto Repair then filed this mandamus action in the Tenth District. The magistrate recommended denying the writ request. Due to a clerical error by its counsel, Target Auto Repair filed its objections to the magistrate's decision in the wrong case (a closed case involving the same parties). Morales's

responses to the objections were also docketed in the wrong case. Consequently, the Tenth District believed that Target Auto Repair had not filed any objections to the magistrate's decision. The court conducted an independent review, adopted the magistrate's findings of fact and conclusions of law, and on August 20, 2019, issued a memorandum decision and judgment entry denying the request for a writ of mandamus.

{¶ 5} On October 2, 2019, Target Auto Repair filed a motion for relief from judgment under Civ.R. 60(B), citing excusable neglect in the misfiling of its objections. However, Target Auto Repair filed a notice of appeal to this court on October 3, appealing the Tenth District's August 20 judgment.

{¶ 6} On November 7, the Tenth District issued a journal entry granting the Civ.R. 60(B) motion and vacating the August 20 memorandum decision and judgment entry. This court received no notice of those entries. On January 14, 2020, the Tenth District issued a new memorandum decision and judgment entry considering and overruling Target Auto Repair's objections, adopting the magistrate's decision as its own, and denying the request for a writ of mandamus. 10th Dist. Franklin No. 18AP-716, 2020-Ohio-83. This court received no notice of the new decision. Target Auto Repair did not file a notice of appeal from the Tenth District's January 14 judgment.

{¶ 7} This case was referred to mediation on October 22, 2019, *see* 157 Ohio St.3d 1449, 2019-Ohio-4326, 133 N.E.3d 509, but returned to the regular docket on June 25, 2021, *see* 163 Ohio St.3d 1456, 2021-Ohio-2110, 170 N.E.3d 29. Subsequently, Target Auto Repair and the commission filed merit briefs and Target Auto Repair filed a reply brief. The case is ripe for decision.

## II. ANALYSIS

### A. Only the August 20, 2019 Judgment is Before Us for Review

{¶ 8} The court of appeals issued a judgment on August 20, 2019, in which it noted that Target Auto Repair had failed to file objections to the magistrate's

decision. The court therefore independently reviewed the record and thereafter adopted the magistrate's decision as its own. Target Auto Repair appealed the August 20 judgment to this court on October 3. That action stripped the Tenth District of jurisdiction to rule on Target Auto Repair's Civ.R. 60(B) motion, so both its entry vacating the August 20, 2019 judgment and its judgment issued on January 14, 2020, are invalid. *See Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994) ("an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment"); *see also State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 56, 701 N.E.2d 989 (1998) ("the court of appeals lacked jurisdiction to rule on [Cotton's Civ.R. 60(B)] motion once Cotton filed this appeal").

**{¶ 9}** Once a judgment has been appealed, "[j]urisdiction [to rule on a Civ.R. 60(B) motion] may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Howard* at 147. Target Auto Repair mentions its Civ.R. 60(B) motion in its merit brief to this court and notes that when this appeal was filed, the Tenth District had not ruled on that motion. Target Auto Repair also sets forth its objections to the magistrate's decision in its merit brief in an attempt to "preserve its rights and have the objections ruled upon." But Target Auto Repair does not ask this court to remand the case to the Tenth District so that that court can address the Civ.R. 60(B) motion or rule on the objections in the first instance. Therefore, the only judgment before us for review is the Tenth District's August 20 judgment denying Target Auto Repair's request for a writ of mandamus.

***B. Target Auto Repair May Not Appeal the Tenth District's Adoption of Findings of Fact or Conclusions of Law to which It Failed to Timely Object***

**{¶ 10}** Civ.R. 53(D)(3)(b)(iv) provides:

4

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [in a magistrate's decision], whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 11} We applied Civ.R. 53(D)(3)(b)(iv)—previously numbered Civ.R. 53(E)(3)(b)—in a similar context in *State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53, 723 N.E.2d 571 (2000). In *Booher*, an injured worker sought from the Tenth District a writ of mandamus ordering the Industrial Commission to reverse its denial of temporary-total-disability compensation. The Tenth District's magistrate recommended that the court deny the writ, and the injured worker failed to timely file objections to the magistrate's decision. The injured worker's counsel realized the error and took several unsuccessful steps to rectify it, including filing an appeal to this court that the injured worker later voluntarily dismissed and a motion in the Tenth District for permission to file the untimely objections, which that court denied. The Tenth District issued a judgment adopting the magistrate's decision and denying the request for a writ of mandamus. The injured worker appealed.

{¶ 12} We observed that the injured worker's arguments on appeal "derive[d] directly from the conclusions of law contained in the magistrate's decision." *Id.* We then noted that the injured worker had not timely objected to those conclusions as required by Civ.R. 53. On those facts, we affirmed the court of appeals' judgment denying the requested writ.

{¶ 13} Similarly here, Target Auto Repair's arguments on appeal derive directly from the magistrate's findings of fact and conclusions of law. Its merit brief asserts that "[t]he Magistrate's decision was in error regarding the applicable

law and factual issues." Target Auto Repair expressly states that its arguments on appeal are its previously unasserted objections:

> When this Appeal was filed, the Court of Appeals had not ruled on Target's objections due to a clerical error in the filing of Target's objections. As the Court had not ruled upon the objections prior to the filing of the Notice of Appeal on October 3, 2019, Target re-asserts its objections here to preserve its rights and have the objections ruled upon.

{¶ 14} Target Auto Repair's merit brief sets forth four arguments, which are the same arguments raised in the objections Target Auto Repair filed in the court of appeals after appealing the August 20 judgment to this court. Yet, Target Auto Repair admittedly did not object to the magistrate's decision prior to the Tenth District's adoption of that decision in its August 20 judgment—which is the judgment before us for review. Therefore, under Civ.R. 53(D)(3)(b)(iv), Target Auto Repair cannot assert those arguments in this appeal.

{¶ 15} Civ.R. 53(D)(3)(b)(iv) provides that Target Auto Repair may still assert a claim of plain error. As we have explained:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus; *see also Jones v. Cleveland Clinic Found.*, 161 Ohio St.3d 337, 2020-Ohio-3780, 163 N.E.3d 501, ¶ 24. Target Auto Repair does not expressly assert plain error. In any event, its arguments relate to the weight of the evidence and the application of the relevant regulations to the underlying facts, but they do not present the exceptional circumstances and institutional concerns required for the plain-error doctrine to apply.

### III. CONCLUSION

{¶ 16} Because Target Auto Repair's arguments on appeal derive directly from the magistrate's decision to which Target Auto Repair failed to timely object, and because Target Auto Repair has failed to establish plain error, we affirm the Tenth District's judgment denying the request for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Lewis, Brisbois, Bisgaard & Smith, L.L.P., and Joseph Fiorello, for appellant.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____