[Cite as *Smith v. SOCI Petroleum, Inc.*, 2023-Ohio-907.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BRIAN D. SMITH, | : | APPEAL NO. C-220245<br>TRIAL NO. A-1504181 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| SOCI PETROLEUM, INC., | : | |
| Defendant, | : | |
| and | : | |
| JOHN LOGUE, ADMINISTRATOR OF THE OHIO BUREAU OF WORKERS' COMPENSATION, | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 22, 2023

*Nager, Romaine & Schneiberg Co. L.P.A.*, and *C. Bradley Howenstein*, for Plaintiff-Appellant,

*David Yost*, Ohio Attorney General, and *Barbara L. Barber*, Assistant Attorney General, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant Brian D. Smith appeals the judgment of the Hamilton County Court of Common Pleas that denied his Civ.R. 60(B) motion without addressing the merits because it found jurisdiction lacking. Because the trial court had jurisdiction to rule on the merits of the motion, we reverse the trial court's judgment.

## II. Background Facts and Procedure

{¶2} This is the second appeal in this case involving Smith's claim filed with the Ohio Bureau of Workers' Compensation ("BWC") to participate in the Ohio workers' compensation fund for a workplace injury. Smith prevailed administratively on that claim. Subsequently, pursuant to R.C. 4123.512, Smith's employer, Soci Petroleum, Inc., ("SOCI") filed a workers' compensation appeal in the court of common pleas that began a workers' compensation judicial action. Within 30 days after a notice of appeal is filed, the claimant in a workers' compensation judicial action has an affirmative duty to file a petition containing a statement of facts demonstrating a claim to participate in the workers' compensation fund. R.C. 4123.512(D). The claimant also bears the burden of proving his right to participate in the workers' compensation fund by a preponderance of the evidence regardless of the administrative decision. *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 17.

{¶3} SOCI moved for dismissal of the workers' compensation judicial action for failure to prosecute. The trial court granted that motion on April 20, 2016. Though that April 2016 judgment was a final order, Smith moved for "reconsideration" and filed an affidavit in support. SOCI and BWC filed a memorandum opposing reconsideration and affidavits in support of the dismissal.

**{¶4}** Before the trial court ruled on the "motion for reconsideration," Smith appealed the trial court's April 2016 judgment to this court. *See Smith v. SOCI Petroleum, Inc.*, 1st Dist. Hamilton No. C-160477, 2017-Ohio-7224 ("*Smith I*"). About a month after perfecting his appeal, Smith filed in the trial court a Civ.R. 60(B) motion to set aside the April 2016 judgment. He argued that dismissal of the workers' compensation judicial action was improper because he had not received sufficient notice of the action, and he filed an affidavit in support.

**{¶5}** This court in *Smith I* ordered a limited remand that permitted the court of common pleas to rule on the Civ.R. 60(B) motion. The trial court did not rule on the Civ.R. 60(B) motion before the expiration of the limited remand period. This court then addressed the merits of Smith's appeal that challenged the dismissal of the workers' compensation judicial action for failure to prosecute. Based on the record, which included only the materials filed at the time the trial court had entered the judgment dismissing the workers' compensation judicial action, *see id.* at ¶ 3, fn. 1, we affirmed the trial court's April 2016 judgment. *Id.* at ¶ 5. We did not consider whether Smith's motions for "reconsideration" or for relief under Civ.R. 60(B), which he supported with evidence outside the record, had merit. *See id.* at ¶ 3, fn. 1.

**{¶6}** Years later, the court of common pleas entertained Smith's Civ.R. 60(B) motion to set aside the April 2016 judgment. In an entry dated April 27, 2022, the trial court indicated it lacked jurisdiction to grant any relief absent a remand from a higher court.

**{¶7}** Smith now appeals from the April 2022 judgment, arguing in a single assignment of error that the trial court erred as a matter of law when it determined it

3

lacked jurisdiction to rule on the merits of his Civ.R. 60(B) motion. The BWC has filed a brief in support of the trial court's judgment.

## II. Analysis

**{¶8}** It is well settled that the filing of a notice of appeal divests a lower court of jurisdiction to consider a Civ.R. 60(B) motion for relief from the judgment. *See Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994); *Lambda Research v. Jacobs*, 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39, ¶ 21 (1st Dist.) ("When a notice of appeal is filed, it confers jurisdiction on the court of appeals and divests the common pleas court of its control over the aspects of the case involved in the appeal. * * * Thus, the trial court is prohibited from taking any action that is inconsistent with the appellate court's ability to review, affirm, modify, or reverse the judgment being appealed.").

**{¶9}** While an appeal is pending, a reviewing court through a remand order may confer jurisdiction on the lower court for consideration of a Civ.R. 60(B) motion to set aside the judgment appealed. *Howard* at 147, cited in *State ex rel. Target Auto Repair v. Morales*, 168 Ohio St.3d 88, 2022-Ohio-2062, 195 N.E.3d 1027, ¶ 9. However, after appeals have been finalized, a lower court has jurisdiction to rule on a Civ.R. 60(B) motion. *See, e.g., Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-210238, 2022-Ohio-1513, ¶ 16 (involving a post-appeal Civ.R. 60(B) motion); *Cherol v. Sieben Invests.*, 7th Dist. Mahoning No. 05MA112, 2006-Ohio-7048 (Vukocich, J., concurring) (Admonishing the trial court for failing to rule on a pending Civ.R. 60(B) motion during a limited remand by the appellate court and explaining that "[w]ith the

resolution of this appeal, the trial court regains jurisdiction to decide the motion pending before it.").

**{¶10}** In this case, the trial court considered Smith's Civ.R. 60(B) motion to set aside the April 2016 judgment in April 2022, long after all the appeals in the case had been completed. Because no appeals were pending, no other court had jurisdiction over the case. Therefore, the trial court had jurisdiction in April 2022 to entertain Smith's Civ.R. 60(B) motion to set aside the April 2016 judgment. The trial court erred when it held otherwise and did not review the merits of Smith's motion, which was based on new evidentiary material.

### III. Conclusion

**{¶11}** Where no appeal of the April 2016 judgment was pending, the trial court erred when it determined it lacked jurisdiction to consider the merits of Smith's Civ.R. 60(B) motion to vacate that April 2016 judgment. Consequently, we sustain Smith's assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.