[Cite as *Brisbane v. Swagelok Co.*, 2025-Ohio-1450.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALPHONSO S. BRISBANE,            :

    Plaintiff-Appellant,            :

                      No.  114106

    v.                              :

SWAGELOK CO.,                    :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART AND
                REMANDED
**RELEASED AND JOURNALIZED:**  April 24, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-994500

---

### *Appearances:*

Alphonso S. Brisbane, *pro se*.

Fisher and Phillips, LLP, Amy L. Kullik, and Kirsten B.
Mooney, *for appellee*.

EMANUELLA D. GROVES, J.:

{¶ 1}  Plaintiff-appellant, Alphonso S. Brisbane ("Brisbane"), pro se,
appeals the decision of the trial court granting defendant-appellee Swagelok
Company's ("Swagelok") motion to dismiss.  For the reasons that follow, we reverse
the trial court's decision granting Swagelok's motion to dismiss, affirm its decision

to rule without holding an evidentiary hearing, and remand for proceedings consistent with this opinion. The remaining assignments of error are overruled.

**Factual and Procedural History**

{¶ 2} Brisbane was employed by Swagelok. On April 23, 2023, Brisbane went to work and started his usual assigned duties. Sometime during the workday, Jamie Justice ("Justice"), his supervisor, approached Brisbane with Justice's "boss" and accused him of being intoxicated on the job. Brisbane voluntarily submitted to a breathalyzer test, and the analyst told him that the results were inconclusive. A week later, Brisbane was informed his employment with Swagelok was terminated.

{¶ 3} On March 15, 2024, Brisbane, pro se, filed a lawsuit against Swagelok alleging wrongful termination, defamation of character, and false accusations. On April 22, 2024, Swagelok filed a motion to dismiss pursuant to Civ.R. 12(B)(6), alleging that Brisbane had failed to state a claim for which relief could be granted. Brisbane filed a brief in opposition, and Swagelok filed a reply brief in support of its motion. Brisbane also filed a motion requesting that the court subpoena his breathalyzer test results from Swagelok.

{¶ 4} On May 31, 2024, the trial court granted Swagelok's motion to dismiss finding that Brisbane could prove no set of facts that would support his claims and entitle him to relief. On June 10, 2024, Brisbane filed a motion for reconsideration. On June 28, 2024, Brisbane filed a notice of appeal. The trial court denied the motion for reconsideration on July 9, 2024.

{¶ 5} Brisbane appeals, assigning the following errors for our review:

## Assignment of Error No. 1

The trial court erred by dismissing plaintiff-appellant's case without having a single hearing to weigh the evidence or even having its own case management conference that the court scheduled for June 12, 2024. The trial court dismissed the plaintiff-appellant's case on May 31, 2024, even though a CMC was scheduled for June 12, 2024.

## Assignment of Error No. 2

The trial court erred by dismissing the plaintiff-appellant's case based on the lack of evidence but the defendant-appellee's motion to dismiss was pursuant to Civ.R. 12(B)(6) for the lack of pleading and not for the lack of evidence. Therefore, the trial court's ruling should be overturned.

## Assignment of Error No. 3

The trial court erred when it denied the plaintiff-appellant's motion to subpoena evidence (the drug test results that the defendant-appellee based its decision to terminate the plaintiff-appellant's employment).

## Assignment of Error No. 4

The trial court erred when it denied the plaintiff-appellant's motion for reconsideration.

## Law and Analysis

## Pro Se Litigants

{¶ 6} Preliminarily, we note that a pro se litigant "'must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. Additionally, pro se litigants are presumed to have knowledge of legal procedures and of the law and are held to the same standards as litigants represented by counsel. *Grace v. GEICO Ins. Corp. Office*, 2024-Ohio-5815, ¶ 8 (8th Dist.), citing *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).

**{¶ 7}** While courts have expressed a willingness to afford some leniency to pro se litigants, "the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 2012-Ohio-467, ¶ 25 (10th Dist.), citing *Robb v. Smallwood*, 2005-Ohio-5863, ¶ 5 (4th Dist.).

**{¶ 8}** In the instant case, Brisbane listed several cases in a table of authorities in his brief but did not reference those cases in his assignments of error. Pursuant to App.R. 16(A)(7), an appellant's brief "shall" contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions." Additionally, that information must be supported with citations to authorities, statutes, and the parts of the record the appellant is relying on App.R. 16(A)(7). A court of appeals may disregard an assignment of error that does not comply with App.R. 16(A)(7). App.R. 12(A)(2).

**{¶ 9}** Nevertheless, because the core issues are clear, we will address Brisbane's assignments of error.

## Dismissal Under Civ.R. 12(B)(6)

**{¶ 10}** In his first two assignments of error, Brisbane challenges (1) the trial court's decision granting Swagelok's motion to dismiss arguing the court failed to have an evidentiary hearing and (2) the court's finding that there was a lack of evidence when Civ.R. 12(B)(6) applies to pleadings. Brisbane's first assignment of error is overruled because a trial court is not required to hold a hearing on a

Civ.R. 12(B)(6) motion to dismiss. Brisbane's second assignment of error is sustained for the reasons stated below.

**Standard of Review**

{¶ 11} We review a trial court's ruling on a motion to dismiss under Civ.R. 12(B)(6) under the de novo standard. *Butorac v. Osmic*, 2023-Ohio-1812, ¶ 29 (8th Dist.), citing *NorthPoint Props. v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.). Under de novo review, we utilize the same standard as the trial court to determine whether genuine issues exist for trial. *Id.*, citing *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997). When looking at a trial court's decision under Civ.R. 12(B)(6) de novo, "we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props.* at *id.*

{¶ 12} "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *Id* at ¶ 11. A trial court acts properly in granting a motion to dismiss under Civ.R. 12(B)(6) if it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [him] to relief." *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.). We conduct this review ever "mindful of a deep-rooted historic tradition in our jurisprudence that provides that 'everyone is entitled to their day in court.'" *McKee v. Univ. Circle, Inc.*, 2015-Ohio-2953, ¶ 16 (8th Dist.).

{¶ 13} Accordingly, when a party files a motion to dismiss pursuant to Civ.R. 12(B)(6), the only question before the trial court is whether the complaint itself pleads sufficient facts that, if true, would entitle the plaintiff to relief. A trial court is not required to hold an evidentiary hearing on a motion to dismiss under Civ.R. 12(B)(6). *Demsey v. Haberek*, 2017-Ohio-1453, ¶ 6 (8th Dist.). Consequently, Brisbane's first assignment of error is overruled.

{¶ 14} Continuing with our analysis for the second assignment of error, we note that Ohio is a notice pleading State that requires a complaint be: "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). A plaintiff is "ordinarily not required to allege in the complaint every fact he or she intends to prove; such facts may not be available until after discovery." *Thompson v. Stealth Investigations, Inc.*, 2010-Ohio-2844, ¶ 3 (2d Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549 (1992). "'Notice pleadings' under Civ.R. 8(A) and 8(E) merely require that a claim concisely set forth only those operative facts sufficient to give 'fair notice of the nature of the action.'" *Lisboa v. Tramer*, 2012-Ohio-1549, ¶ 27 (8th Dist.), quoting *De Vore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38 (7th Dist. 1972). Furthermore, "[n]otice pleading does not require a pleader to state all elements of the claim." *Pierce v. Woyma*, 2010-Ohio-5590, ¶ 21 (8th Dist.), citing *Fancher v. Fancher*, 8 Ohio App.3d 79, 82-83 (1st Dist. 1982).

{¶ 15} Therefore, we look to Brisbane's complaint to determine whether it presented sufficient facts, if true, that would entitle him to relief. Brisbane raised three counts: defamation of character, false accusations, and wrongful termination. Brisbane's claim of false accusations is an element of the defamation claim and not a separate cause of action; accordingly, it will be addressed when discussing defamation.

**Defamation**

{¶ 16} Defamation includes both slander and libel. *Johnson v. Johnson,* 2020-Ohio-1381, ¶ 17 (8th Dist.). Slander refers to spoken defamatory words, generally, while libel refers to written defamatory words. *Id.* The elements of a claim for defamation, whether slander or libel include

> (1) a false and defamatory statement, (2) about that person, (3) published without privilege to a third party, (4) with fault or at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm (defamation per quod to the plaintiff).

*Woods v. Sharkin*, 2022-Ohio-1949, ¶ 79 (8th Dist.), citing *Thomas v. Cohr, Inc.*, 2011-Ohio-5916, ¶ 24 (1st Dist.).

{¶ 17} Construing Brisbane's allegations in his complaint as true, as we must in a Civ.R. 12(B)(6) review, Brisbane met the requirements to survive a challenge to his complaint. He alleged that he was a full-time employee; that his employer falsely accused him of being intoxicated on the job; that he took a breathalyzer test, the results of which were inconclusive; that he was subsequently terminated; and that, afterwards, his character was "defamed throughout the entire organization" when

those in the organization were falsely informed he was terminated for being intoxicated on the job. He also alleged that these actions left him without income and means to provide for his family. Finally, he requested a monetary settlement for damages to his character, public reputation, and the loss of income, as well as punitive damages. This is sufficient to establish a defamation claim at the pleading stage.

{¶ 18} Nevertheless, Swagelok raises the argument that even if any alleged statements that Justice made were false, the alleged statement would ultimately be protected by qualified privilege. Qualified privilege is an affirmative defense to defamation. *Stepp v. Wiseco Piston Co., Inc.*, 2013-Ohio-5832, ¶ 25 (11th Dist.). "'[A] Civ.R. 12(B)(6) motion to dismiss based upon an affirmative defense is only properly granted where the defense is conclusively established from the face of the complaint.'" *Fisher v. Ahmed*, 2020-Ohio-1196, ¶ 27 (9th Dist.), quoting *Brannon v. Edman*, 2018-Ohio-70, ¶ 9 (9th Dist.), citing *Jones v. Goodyear Tire & Rubber Co.*, 2004-Ohio-2821, ¶ 12 (9th Dist.).

{¶ 19} Remarks made by a supervisor to superiors or other personnel that are made within the scope of the supervisor's duties are "not actionable under a claim of defamation unless the statements were made with actual malice." *Everhart v. Francioli*, 1993 Ohio App. LEXIS 2306, ¶ 13 (8th Dist. Apr. 29, 1993), citing *Hahn v. Kotten*, 43 Ohio St.2d 237 (1975). "[A] claim of qualified privilege can be defeated by a clear and convincing showing that the communication was made with actual malice, i.e., with knowledge that the statement was false or with reckless disregard

as to its truth or falsity." *Denlinger v. Columbus*, 2000 Ohio App. LEXIS 5679, ¶ 27 (10th Dist. Dec. 7, 2000), citing *Jacobs v. Frank*, 60 Ohio St.3d 111, 112 (1991) paragraph two of the syllabus.

{¶ 20} Here, we can determine from the face of the complaint that Brisbane pleaded sufficient facts, which if taken as true, would establish that Justice made false statements about Brisbane with actual malice. Brisbane alleged in his complaint that Justice lied about him being intoxicated to get him fired because he did not like that a Black man made more money than he did. Drawing all reasonable inferences in favor of Brisbane, these facts arguably pled actual malice.

{¶ 21} Based on the foregoing, we find that Brisbane pleaded sufficient facts to establish a claim of defamation and to give Swagelok fair notice of the nature of the action. Accordingly, based on the foregoing, we sustain the second assignment of error as to the defamation claim.

**Wrongful Termination**

{¶ 22} Brisbane also alleges that he was wrongfully terminated. While the bulk of his complaint alleges defamation, Brisbane also alleges the animus for his termination was racial discrimination and jealousy on the part of Justice. Further, he alleges that he was terminated in retaliation for filing a human-resources complaint against Justice.

{¶ 23} Under R.C. 4112.02,

[i]t shall be an unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

R.C. 4112.02(A)

{¶ 24} The elements of a racial discrimination claim include evidence that (1) the plaintiff is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position he held; and (4) either a nonprotected similarly situated person was treated better or the person was replaced by someone outside of the protected class. *Canady v. Rekau & Rekau, Inc.*, 2009-Ohio-4974, ¶ 23 (10th Dist.), citing *McDonnell Douglas*, 411 U.S. at 802; *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-583 (6th Cir. 1992).

{¶ 25} In his complaint, Brisbane only needed to set forth those facts that gave Swagelok "'fair notice of the nature of the action.'" *Morrissette v. DFS Servs.*, LLC, 2011-Ohio-2369, ¶ 15 (10th Dist.), quoting *De Vore*, 32 Ohio App.2d at ¶ 38. Accordingly, Brisbane needed to establish a wrongful-termination claim based on racial discrimination. Swagelok argues that Brisbane failed to allege that he was a member of a protected class and that Swagelok was improperly motivated by the fact that Brisbane was a member of a protected class. We disagree.

{¶ 26} Brisbane alleged he was African-American and that Justice engineered Brisbane's termination because he harbored a racial bias against Brisbane. Brisbane alleged that Justice expressed envy over his position and salary

based on his status as an African-American man and Justice's refusal to refer to him by his name. As a result of these things, Brisbane lodged a complaint with human resources regarding Justice's conduct. Presuming all facts as true and making all reasonable inferences in favor of Brisbane, as we are required to do, we conclude that Brisbane pleaded sufficient facts in his complaint to set forth a claim of wrongful termination due to his race. Although Brisbane did not set forth alleged facts as artfully as an attorney would have done, he set forth enough operative facts to survive a Civ.R. 12(B)(6) motion.

{¶ 27} Based on the foregoing, the trial court erred when it granted Swagelok's motion to dismiss under Civ.R. 12(B)(6). The second assignment of error is sustained.

**Motions**

{¶ 28} In his third assignment of error, Brisbane challenges the trial court's decision denying his motion requesting the court obtain the breathalyzer test results. The record reflects that the trial court did not rule on Brisbane's motion electing to rule on Swagelok's motion to dismiss, which decided the matter. Motions unruled upon are presumed denied. *Smith v. Stibrick*, 1993 Ohio App. LEXIS 6199, ¶ 6 (8th Dist. Dec. 23, 1993). Nevertheless, we find that the issue is not ripe for review. "Generally, a claim is not ripe if it depends on 'future events that may not occur as anticipated, or may not occur at all.'" *Id.,* quoting *Texas v. U.S.*, 523 U.S. 296 (1998). In the instant case, Brisbane's motion was rendered moot by the trial court's decision to dismiss the case. As the case is being returned to the trial court,

the issue may be addressed on remand because it is a future event that is not ripe for appellate review. A ruling by this court at this time would be premature.

{¶ 29} Accordingly, the third assignment of error is overruled.

{¶ 30} In the fourth assignment of error, Brisbane challenges the trial court's decision denying his motion for reconsideration of its decision to dismiss his complaint. The trial court ruled on that motion after Brisbane filed his notice of appeal. The filing of a notice of appeal divests a trial court of jurisdiction. *Smith v. Soci Petro., Inc.*, 2023-Ohio-907, ¶ 8 (1st Dist.). A notice of appeal confers jurisdiction to the court of appeals and removes from the common pleas court the "control over the aspects of the case involved in the appeal." *Id.,* citing *Lambda Research v. Jacobs*, 2007-Ohio-309, ¶ 21 (1st Dist.). Accordingly, the trial court's order denying Brisbane's motion for reconsideration is null and void.

{¶ 31} Accordingly, the fourth assignment of error is sustained.

{¶ 32} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR