**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Suburban Driving School, L.L.C. v. Bur. of Workers' Comp.*, Slip Opinion No. 2026-Ohio-597.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-597

THE STATE EX REL. SUBURBAN DRIVING SCHOOL, L.L.C., APPELLANT, *v.* OHIO BUREAU OF WORKERS' COMPENSATION ET AL.,, APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Suburban Driving School, L.L.C. v. Bur. of Workers' Comp.*, Slip Opinion No. 2026-Ohio-597.]**

*Workers' compensation—Mandamus—Adm. 4123-17-02 (successor-in-interest rule) and 4123-17-13 (coverage-initiation rule)—Appellant failed to establish that Bureau of Workers' Compensation abused its discretion in transferring defunct driving school's experience rating and outstanding financial obligations to appellant after appellant applied for workers' compensation coverage—Court of appeals' denial of writ affirmed.*

(No. 2025-0834—Submitted January 6, 2026—Decided February 25, 2026.)

APPEAL from the Court of Appeals for Franklin County, No. 23AP-241, 2025-Ohio-1841.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

DeWine, Brunner, Deters, Hawkins, and Shanahan, JJ.

**Per Curiam.**

{¶ 1} Appellant, Suburban Driving School, L.L.C., filed a complaint in the Tenth District Court of Appeals for a writ of mandamus against appellees, the Ohio Bureau of Workers' Compensation and its director, arguing that the bureau abused its discretion and acted contrary to law by transferring the experience rating and outstanding financial obligations of a defunct driving school to Suburban Driving. The Tenth District denied the writ, and Suburban Driving has appealed and requested oral argument.

{¶ 2} For the reasons that follow, we affirm the Tenth District's judgment and deny the request for oral argument.

## I. BACKGROUND

### A. Relevant Legal Principles

{¶ 3} R.C. 4123.32(B) requires the bureau to adopt rules with respect to the collection, maintenance, and disbursements of the workers' compensation state insurance fund, including "special rules . . . necessary to safeguard the fund . . . covering the rates to be applied where one employer takes over the occupation or industry of another or where an employer first makes application for state insurance." The statute further provides that the bureau "may require that if any employer transfers a business in whole or in part or otherwise reorganizes the business, the successor in interest shall assume, in proportion to the extent of the transfer, . . . the employer's account and shall continue the payment of all contributions due under this chapter." Under this statutory authorization, the bureau promulgated Adm.Code 4123-17-02, also known as the "successor-in-

2

interest rule," and Adm.Code 4123-17-13, also known as the "coverage-initiation rule."[1]

{¶ 4} Adm.Code 4123-17-02, the successor-in-interest rule, relates to premium rates and liability when one employer succeeds another. At the time relevant to this case, the rule provided that when a legal entity that lacks workers' compensation coverage has wholly succeeded another legal entity in the operation of a business, the successor entity's premium rates "shall be based on the predecessor's experience within the most recent experience period."[2] Former Adm.Code 4123-17-02(B)(1), 2015-2016 Ohio Monthly Record 2-4785 (effective July 1, 2016). Similarly, the rule provided that when one employer has wholly succeeded another in the operation of business, the bureau "shall transfer the predecessor's rights and obligations under the workers' compensation laws to the successor." Former Adm.Code 4123-17-13(C)(1), 2015-2016 Ohio Monthly Record at 2-4785. Lastly, the rule stated that regardless of whether a predecessor's transfer to a successor employer was voluntary, the bureau "shall transfer the predecessor's experience" and "shall transfer the predecessor's rights and obligations" to the successor if any of certain criteria are met, including when the succession transaction was entered into for the purpose of escaping obligations to

---

1. All references to Adm.Code 4123-17-02 and 4123-17-13 are to the versions in effect on April 30, 2018, when Suburban Driving applied for workers' compensation coverage. *See* former Adm.Code 4123-17-02, 2015-2016 Ohio Monthly Record 2-4785 (effective July 1, 2016); former Adm.Code 4123-17-13, 2014-2015 Ohio Monthly Record 2-1841 (effective July 1, 2015).

2. "[E]xperience rating [is] a concept used to determine whether a particular employer should be assigned premium rates higher than or less than the 'basic rate' that is assigned to employers within the same classification. In experience rating, the employer's past claims history, or experience, is consulted to compute a rate that produces premiums sufficient to pay future claims." *State ex rel. Crosset Co., Inc. v. Conrad*, 2000-Ohio-464, ¶ 21. Experience rating is essentially an incentive system; "[a]n employer who establishes a 'good' claims history is able to reduce its premium rate below the basic rate for employers in the same classification, whereas an employer with a bad loss experience is penalized and must pay a rate in excess of the basic rate," *id.*, citing Fulton, *Ohio Workers' Compensation Law*, § 14.7, at 386-387 (2d Ed. 1998).

the bureau. Former Adm.Code 4123-17-02(B)(6) and (C)(2), 2015-2016 Ohio Monthly Record at 2-4785.

{¶ 5} Adm.Code 4123-17-13, the coverage-initiation rule, addresses an employer's application for workers' compensation coverage. At the time relevant to this appeal, the rule provided:

> If the bureau determines, after reviewing the information submitted with the application . . . , that the employer is essentially the same employer regardless of entity type for which risk coverage previously had been provided, the bureau may transfer the prior risk coverage to the employer pursuant to rule 4123-17-02 of the Administrative Code and the employer shall assume any outstanding obligations under the prior risk coverage.

Former Adm.Code 4123-17-13(D), 2014-2015 Ohio Monthly Record 2-1841, 2-1842 (effective July 1, 2015). Under this rule, when assessing an application for new coverage, the bureau may transfer a prior employer's risk coverage to a new applicant if the bureau determines that the prior employer and the new applicant are "essentially the same employer."

**B. The Bureau Determines that Suburban Driving Is Essentially the Same Employer as Top Driver**

{¶ 6} In April 2018, Thomas E. Deighan filed an application for workers' compensation coverage on behalf of Suburban Driving. The application described the service provided by the business as "driving school education" and indicated that Deighan was serving as the company's chief financial officer and that no other workers' compensation policies were associated with the business. Deighan later updated the application to indicate that he had a 90 percent ownership interest in Suburban Driving.

{¶ 7} The bureau determined that Suburban Driving was the "successor employer" to Top Driver Ohio, L.L.C.—another driving school—for workers' compensation purposes, and it therefore transferred Top Driver's experience rating and obligations to Suburban Driving. At that time, Top Driver owed an outstanding balance of $130,021.81 to the bureau. Suburban Driving asked the bureau to reverse its decision, but the bureau denied the request, citing the coverage-initiation rule, Adm.Code 4123-17-13(D), as its basis. Specifically, the bureau said that it had determined that Suburban Driving and Top Driver were essentially the same employer, and it therefore transferred Top Driver's prior coverage to Suburban Driving.

{¶ 8} Suburban Driving filed an application for a hearing before an adjudicating committee. *See* R.C. 4123.291(A), (B)(5), and (B)(6) (empowering an "adjudicating committee appointed by the administrator of workers' compensation to hear" certain matters, including any decision relating to a transfer of risk experience or any other "risk premium matter"). After a hearing, the adjudicating committee concluded that the bureau had correctly transferred Top Driver's experience rating and obligations to Suburban Driving.

{¶ 9} In its decision, the adjudicating committee first summarized Top Driver's background, its relationship with Suburban Driving, and Deighan's connections to both entities. The committee noted that in 2009, Deighan signed articles of incorporation for Revolution Sales & Marketing, Inc., and registered "TopDriver Ohio" with the secretary of state as a trade name. Later that year, Revolution Sales applied for workers' compensation coverage, identifying its trade name as "TopDriver Ohio." The application listed Deighan as Revolution Sales's chief executive officer and described the primary service it provided as "Driver Education."

{¶ 10} In 2012, Deighan separately incorporated Top Driver Ohio, L.L.C. In August 2013, a Top Driver employee was involved in a car accident and filed a

workers' compensation claim. Tax forms submitted with the claim indicated that Revolution Sales paid the claimant's wages in 2012 but that Top Driver paid the claimant's wages in 2013. Within a week after the employee filed the claim, Top Driver applied for workers' compensation coverage. Deighan signed the application, noting that he was Top Driver's chief executive officer and that he had a 51 percent ownership interest in the company.[3] After discovering that Revolution Sales had gone out of business, the bureau combined its workers' compensation policy with Top Driver's policy.

{¶ 11} Deighan later informed the bureau that Top Driver ceased operations as of December 31, 2017. In April 2018, Deighan submitted Suburban Driving's application for workers' compensation coverage and indicated that its employees started earning wages on January 1, 2018—only one day after Top Driver went out of business.

{¶ 12} The adjudicating committee acknowledged that although the bureau's initial correspondence to Suburban Driving had described it as the "successor employer" to Top Driver, the bureau had ultimately transferred Top Driver's experience rating and obligations to Suburban Driving under Adm.Code 4123-17-13(D), the coverage-initiation rule—not because the bureau had determined that Suburban Driving was the successor-in-interest to Top Driver under Adm.Code 4123-17-02. The committee noted that the bureau applies the coverage-initiation rule when circumstances suggest that something other than a transfer of a business occurred. That is, even if there is no evidence of a purchase or transfer of a business from one entity to another, Adm.Code 4123-17-13(D) permits the bureau to find that two entities are "essentially the same employer" so

---

3. Despite the representation in Top Driver's application—which Deighan signed—Suburban Driving now maintains that Deighan had no ownership interest in Top Driver and that he was merely an employee of or a consultant for Top Driver.

that a subsequent entity may not unfairly escape liability for outstanding obligations incurred by the prior entity.

{¶ 13} The committee then found as follows:

> [T]he overwhelming weight of the evidence in this instance supports the fact Thomas Deighan had a substantial role in establishing both Top Driver Ohio and Suburban, and in their day-to-day operations. . . . The establishment of the Suburban workers' compensation policy and cancellation of the Top Driver Ohio policy is simply a continuum of the same business practice such that Suburban is "essentially the same employer" as Top Driver Ohio for Ohio workers' compensation purposes . . . .

{¶ 14} Suburban Driving appealed the adjudicating committee's decision to the administrator's designee. *See* R.C. 4123.291(B) ("An employer who is adversely affected by a decision of an adjudicating committee . . . may appeal the decision of the committee to the administrator or the administrator's designee."). After another hearing, the administrator's designee affirmed the adjudicating committee's decision, finding that the bureau had properly applied Adm.Code 4123-17-13(D) to combine Top Driver's and Suburban Driving's policies.

### C. The Tenth District Denies Suburban Driving's Request for a Writ

{¶ 15} Suburban Driving filed a complaint in the Tenth District for a writ of mandamus, arguing that the bureau had abused its discretion and acted contrary to law by transferring Top Driver's experience rating and obligations to Suburban Driving. A magistrate recommended that the Tenth District deny the writ, 2025-Ohio-1841, ¶ 55 (10th Dist.), noting that although the bureau had identified the coverage-initiation rule, Adm.Code 4123-17-13, as the basis for combining Top Driver's and Suburban Driving's policies, Suburban Driving had not addressed or

cited that administrative rule in its brief and instead had focused on the successor-in-interest rule, Adm.Code 4123-17-02, *id.* at ¶ 41. The magistrate further concluded that some evidence in the record supported the determination of the administrator's designee that Suburban Driving and Top Driver were essentially the same employer under Adm.Code 4123-17-13(D). *Id.* at ¶ 54. Specifically, the magistrate noted that Deighan had held management positions and ownership interests in both companies, that he had been involved in organizing both entities and in dissolving Top Driver, that both entities had had the same business pursuit, that the entities had shared two employees, that Suburban Driving had used vehicles that were titled to Top Driver, and that the two entities had used the same address at one point. *Id.* at ¶ 43-44.

{¶ 16} Suburban Driving filed an objection, but the Tenth District overruled the objection and adopted the magistrate's decision. *Id.* at ¶ 6-7. Suburban Driving then filed this direct appeal.

## II. STANDARD OF REVIEW

{¶ 17} To be entitled to a writ of mandamus, a relator must establish a clear legal right to the relief requested, a clear legal duty on the part of the bureau to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Ugicom Ents., Inc. v. Morrison*, 2022-Ohio-1689, ¶ 14. In workers' compensation mandamus appeals, a writ of mandamus may lie when there is a legal basis to compel the bureau to perform its duties under the law or when the bureau has abused its discretion in carrying out its duties. *State ex rel. Estate of Sziraki v. Admr., Bur. of Workers' Comp.*, 2013-Ohio-4007, ¶ 16.

{¶ 18} To determine whether the bureau abused its discretion, we examine whether the bureau's order is adequately explained and is supported with some evidence in the record. *State ex rel. Friendship Supported Living, Inc. v. Bur. of Workers' Comp.*, 2023-Ohio-957, ¶ 11. The bureau is the exclusive finder of fact in workers' compensation matters. *Ugicom* at ¶ 14. However, when an underlying

stipulated record presents a question of law, we review de novo a lower court's judgment issuing a writ of mandamus. *See State ex rel. Parikh v. Berkowitz*, 2025-Ohio-2117, ¶ 11.

### III. ANALYSIS

{¶ 19} Suburban Driving asserts three arguments in support of one proposition of law. For the reasons that follow, we conclude that Suburban Driving has failed to establish that the bureau abused its discretion in combining Top Driver's and Suburban Driving's policies.

### A. The Bureau Did Not Find that Suburban Driving Was a Successor-In-Interest under Adm.Code 4123-17-02

{¶ 20} Suburban Driving primarily argues that it was not a successor-in-interest to Top Driver under R.C. 4123.32(B) and that none of the criteria in Adm.Code 4123-17-02(B) and (C) were satisfied so as to justify transferring Top Driver's experience and obligations to Suburban Driving. Rather, Suburban Driving claims that after working in the driving-school business for several years, Deighan simply decided to purchase Suburban Driving from its former owners, who also owned Top Driver, and that there was no other connection between the two companies. In support of its position, Suburban Driving cites *K&D Group, Inc. v. Buehrer*, 2013-Ohio-734, as "controlling authority." In *K&D*, we concluded that the bureau had abused its discretion by transferring one entity's experience to another under Adm.Code 4123-17-02 because the record did not show that the predecessor had voluntarily transferred its business operations to the purported successor. *Id.* at ¶ 16-17.

{¶ 21} The problem with Suburban Driving's argument, however, is that the bureau did not rely on Adm.Code 4123-17-02—or consider the successor-in-interest criteria in that rule—as the basis for its decision to combine Top Driver's and Suburban Driving's policies. Rather, the adjudicating committee expressly stated that "the combination of the policies was done in accordance with the

authority in Ohio Adm.Code 4123-17-13(D)," the coverage-initiation rule. And the administrator's designee confirmed that the bureau had "relied on Ohio Adm.Code 4123-17-13(D) to find Suburban was essentially the same employer as Top Driver Ohio."

{¶ 22} Thus, Suburban Driving's argument that it is not a successor-in-interest to Top Driver under Adm.Code 4123-17-02 does not prove that the bureau abused its discretion. We will not issue a writ of mandamus declaring that the bureau misapplied a rule that was not the basis for the bureau's decision. Moreover, *K&D* cannot control the outcome of this case when that opinion did not even cite— let alone apply or interpret—Adm.Code 4123-17-13(D).

## B. Suburban Driving Failed to Preserve Its Challenge to the Bureau's Reliance on Adm.Code 4123-17-13(D)

{¶ 23} As its second argument in support of its proposition of law, Suburban Driving contends that it is not "essentially the same employer" as Top Driver under Adm.Code 4123-17-13(D) for purposes of transferring Top Driver's experience and obligations. Suburban Driving argues that the "pursuant to" phrase used in Adm.Code 4123-17-13(D) "incorporates by reference that liability is to be determined 'pursuant' to [Adm.Code] 4123-17-02" and that the bureau therefore may find that two employers are "essentially the same employer" and transfer one employer's experience and obligations to another employer *only* if the employer is first considered a successor-in-interest under Adm.Code 4123-17-02.[4] Because none of the criteria under Adm.Code 4123-17-02(B) or (C) were satisfied so as to justify transferring experience or obligations under that rule, Suburban Driving

---

4. As noted above, Adm.Code 4123-17-13(D) provided that if the bureau determines, after reviewing an employer's application for workers' compensation coverage, "that the employer is essentially the same employer . . . for which risk coverage previously had been provided, the bureau may transfer the prior risk coverage to the employer pursuant to rule 4123-17-02 of the Administrative Code and the employer shall assume any outstanding obligations under the prior risk coverage." 2014-2015 Ohio Monthly Record at 2-1842.

contends, it cannot be considered "essentially the same employer" as Top Driver under Adm.Code 4123-17-13(D).

{¶ 24} In response, the bureau argues that Suburban Driving waived this argument by failing to raise it in its objection to the magistrate's decision. We agree. For the reasons explained below, we conclude that Suburban Driving failed to preserve any challenge to the bureau's interpretation or application of Adm.Code 4123-17-13(D) other than plain error.

{¶ 25} Civ.R. 53(D)(3)(b)(ii) requires that an objection to a magistrate's decision "be specific and state with particularity all grounds for objection." Moreover, Civ.R. 53(D)(3)(b)(iv) provides:

> Waiver of right to assign adoption by court as error on appeal
> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 26} The Tenth District has expressly incorporated the terms of Civ.R. 53 into its local rules. *See* Loc.R. 13(M)(1) of the Tenth District Court of Appeals. Therefore, Civ.R. 53 applies in cases that commence as original actions in the Tenth District and proceed to this court as appeals of right. *State ex rel. Franks v. Adult Parole Auth.*, 2020-Ohio-711, ¶ 10; *see State ex rel. Target Auto Repair v. Morales*, 2022-Ohio-2062, ¶ 10-15.

{¶ 27} Here, the Tenth District magistrate found that although the adjudicating committee and the administrator's designee clearly cited Adm.Code 4123-17-13(D), the coverage-initiation rule, as the basis for the bureau's decision,

Suburban Driving did not address that rule in the brief it submitted to the magistrate. 2025-Ohio-1841 at ¶ 41 (10th Dist.). Therefore, the magistrate concluded that Suburban Driving had not established that the bureau erred in applying Adm.Code 4123-17-13(D) to the policies at issue. *Id.* at ¶ 42-44, 54.

{¶ 28} Suburban Driving filed an objection to the magistrate's decision but again did not address or even cite Adm.Code 4123-17-13(D). Rather, Suburban Driving focused its argument on Adm.Code 4123-17-02, asserting that the "[m]agistrate erred . . . by finding and concluding that Suburban Driving School 'wholly succeeded' Top Driver Ohio." The magistrate, however, never made that finding. Consequently, the Tenth District overruled the objection and held that the successor-in-interest criteria set forth in Adm.Code 4123-17-02(C)(2) did not apply. *Id.* at ¶ 6. The Tenth District noted that "[i]nstead of grappling with the 'essentially the same employer' test under Adm.Code 4123-17-13 that [the bureau] actually applied, Suburban Driving argued with a straw man before the magistrate, and continue[d] to do so [in its objection]." *Id.* at ¶ 6.

{¶ 29} Now, on appeal to this court, Suburban Driving argues for the first time that the bureau misinterpreted Adm.Code 4123-17-13(D) because that rule's "pursuant to" language "incorporates by reference that liability is to be determined 'pursuant to' [Adm.Code] 4123-17-02." But at this point, Suburban Driving has waived the right to assert that argument by failing to specifically raise it in its objection to the magistrate's decision. *See State ex rel. Armstrong Steel Erectors, Inc. v. Indus. Comm.*, 2015-Ohio-4525, ¶ 18 (employer waived any error with respect to applicability of a certain administrative rule by failing to object to magistrate's conclusion on that issue); *State ex rel. Muhammad v. State*, 2012-Ohio-4767, ¶ 3 (party waived argument on appeal by failing to specifically raise it in objections to magistrate's decision); *State ex rel. Digiacinto v. Indus. Comm.*, 2020-Ohio-707, ¶ 10, fn. 1 (same); *State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, ¶ 16 (same).

{¶ 30} Suburban Driving counters that the waiver doctrine should not apply here, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, in which we stated that "[w]hen an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue," 1993-Ohio-119, ¶ 20. Stated another way, "if we must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, we will do so." *Id.*

{¶ 31} However, waiver applies in this case under the express language of Civ.R. 53(D)(3)(b)(iv)—not the common law—and Suburban Driving has not identified any case in which a similar exception to the civil rule was applied when an appellant had failed to raise a specific objection to a magistrate's decision. Moreover, even if the *Belvedere* principle quoted above applied here, it would not support Suburban Driving's position. *Belvedere* itself recognizes that the principle quoted above is an exception to the general, common-law rule that we will not consider arguments that were not raised below. *See Belvedere* at ¶ 20. And under *Belvedere*, the general rule would apply here because it is not necessary for us to interpret the "pursuant to" language of the coverage-initiation rule, Adm.Code 4123-17-13(D), in order to address the separate and distinct issue that Suburban Driving actually raised below: whether Suburban Driving is the successor-in-interest to Top Driver under Adm.Code 4123-17-02(B) or (C).

{¶ 32} Additionally, as a matter of basic fairness, we will not consider Suburban Driving's argument relating to the proper interpretation of the "pursuant to" language of the coverage-initiation rule, because the bureau has not had the opportunity to set forth its own interpretation of that language in the proceedings below. We have repeatedly said that issues not raised at the administrative level are waived and will not be considered on appeal. *State ex rel. Quarto Mining Co. v. Foreman*, 1997-Ohio-71, ¶ 11-15; *State ex rel. Navistar, Inc. v. Indus. Comm.*, 2020-Ohio-712, ¶ 16-19.

{¶ 33} Thus, because Suburban Driving failed to raise its current argument before the bureau and failed to challenge the magistrate's reliance on Adm.Code 4123-17-13(D), it has waived the argument for purposes of appeal. Under Civ.R. 53(D)(3)(b)(iv), we consider the argument only for plain error.

{¶ 34} We have previously explained:

"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

*Target Auto Repair*, 2022-Ohio-2062, at ¶ 15, quoting *Goldfuss v. Davidson*, 1997-Ohio-401, syllabus.

{¶ 35} Suburban Driving has not expressly asserted plain error, and in any event, it has not specified anything that rises to that level. It is not obvious—and certainly not a matter of settled law—that the "pursuant to" language of Adm.Code 4123-17-13(D) means that the bureau may consider two employers to be "essentially the same" only if the successor-in-interest criteria in Adm.Code 4123-17-02 are first satisfied.

{¶ 36} In sum, Suburban Driving failed to preserve its argument relating to the bureau's interpretation and application of Adm.Code 4123-17-13(D).

**C. Suburban Driving Has Not Otherwise Established an Abuse of Discretion**

{¶ 37} As its third argument in support of its proposition of law, Suburban Driving contends that it is entitled to a writ of mandamus because the bureau "failed to account for the factors applicable in caselaw interpreting OAC 4123-17-02 and OAC 4123-17-13(D)." In support of this argument, Suburban Driving cites a single

case: *State ex rel. Friendship Supported Living, Inc. v. Bur. of Workers' Comp.*, 2023-Ohio-957, in which we issued a limited writ ordering the bureau to issue a new decision accounting for factors that had been established in caselaw. The reasoning of *Friendship Supported Living*, however, does not apply to the facts here.

{¶ 38} The issue in *Friendship Supported Living* was whether the bureau had abused its discretion by classifying certain workers as employees rather than independent contractors. *See id.* at ¶ 11. We explained that whether a person should be classified as an employee or an independent contractor is determined by the common-law "right-to-control test." *Id.* at ¶ 12-13. Because the bureau had not appropriately considered the relevant factors under that test, we returned the matter to the bureau to correct deficiencies in its analysis. *Id.* at ¶ 24-31.

{¶ 39} Here, the issue is whether the bureau abused its discretion by finding that Suburban Driving and Top Driver were "essentially the same employer" under Adm.Code 4123-17-13(D)—not whether the bureau correctly applied factors considered when applying a common-law test. Moreover, Suburban Driving did not identify any caselaw interpreting both Adm.Code 4123-17-13(D) and 4123-17-02, nor did it identify the purported "applicable factors" set forth in such caselaw. Suburban Driving cannot claim that the bureau "failed to account" for factors announced in caselaw when it does not identify that caselaw or the purported factors set forth in that caselaw. By not developing this argument and supporting it with appropriate legal authorities, Suburban Driving has failed to carry its burden as the relator seeking a writ of mandamus. *See State ex rel. Byk v. Indus. Comm.*, 2025-Ohio-2044, ¶ 39.

## IV. REQUEST FOR ORAL ARGUMENT

{¶ 40} Although Suburban Driving requests oral argument in one sentence in its merit brief, it presented no argument in support of the request. Nor did

Suburban Driving file a motion for oral argument, even though S.Ct.Prac.R. 17.02(B) provides that such a request in a direct appeal "shall be by motion."

{¶ 41} Whether to grant a request for oral argument in a direct appeal is subject to this court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider "whether the case involves (1) a matter of great public importance, (2) complex issues of law or fact, (3) a substantial constitutional issue, or (4) a conflict among courts of appeals." *State ex rel. Walters v. Indus. Comm.*, 2024-Ohio-552, ¶ 40. Given that Suburban Driving did not address any of the above factors and that this case is not more complex or more important to the public than other workers' compensation mandamus appeals, we deny the request for oral argument. *See, e.g.*, *Navistar*, 2020-Ohio-712, at ¶ 25; *State ex rel. Vonderheide v. Multi-Color Corp.*, 2019-Ohio-1270, ¶ 15.

## V. CONCLUSION

{¶ 42} Suburban Driving has not demonstrated that the bureau abused its discretion in transferring Top Driver's experience rating and financial obligations to Suburban Driving, and it therefore has failed to establish that it is entitled to relief in mandamus. We affirm the Tenth District's judgment and deny the request for oral argument.

Judgment affirmed.

————————————

Arnold Gruber & Haren, Ltd., and Sidney N. Freeman, for appellant.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellees.

————————————