[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Anderson v. Chambers-Smith*, Slip Opinion No. 2022-Ohio-2844.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2844

THE STATE EX REL. ANDERSON, APPELLANT, *v.* CHAMBERS-SMITH, DIR., ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Anderson v. Chambers-Smith*, Slip Opinion No. 2022-Ohio-2844.]

Mandamus—Appellant's complaint to compel Ohio Department of Rehabilitation and Correction to correct records pertaining to him failed to identify any error within the records themselves—Court of appeals also did not err in concluding that appellant has no clear right to be released under R.C. 2967.15(B)—Court of appeals' denial of writ affirmed.

(No. 2021-1427—Submitted June 14, 2022—Decided August 18, 2022.)

APPEAL from the Court of Appeals for Franklin County, No. 20AP-429, 2021-Ohio-3653.

_____

**Per Curiam.**

{¶ 1} Appellant, Herbert Anderson, appeals the judgment of the Tenth District Court of Appeals denying a writ of mandamus against appellees, Director of the Ohio Department of Rehabilitation and Correction, Annette Chambers-Smith, the Ohio Adult Parole Authority, and the Ohio Bureau of Sentence Computation (collectively, "DRC"). We affirm.

## Background

{¶ 2} Anderson is serving an aggregate 10-to-60-year prison term for multiple convictions from 1978, 1981, and 1987.[1] He has been released on parole eight times since 1978, and his parole was last revoked in 2009. He alleges that the Ohio Parole Board denied him parole after conducting hearings in 2010, 2011, 2012, 2015, and 2018.

{¶ 3} This case focuses on Anderson's April 4, 2012 parole hearing. Following that hearing, the parole board gave the following reasons for denying Anderson parole:

> Offender serving his 7th number, 9 total paroles, 2 final releases, 5 PVR and 2 TPV. Poor conduct since return continues with additional tickets since last hearing. Offender takes no responsibility for his actions, blames drugs for everything but has no SAP treatment since his return. Due to his extensive criminal history, poor supervision history and poor conduct while in prison, he is not suitable for release.

Anderson disputes the accuracy of the facts supporting the parole board's rationale. He contends that he was incarcerated on his fifth (not seventh) inmate number, that

---

1. Anderson was sentenced for additional offenses in 2001, 2004, and 2009. He has fully served those sentences and is currently incarcerated only on the earlier convictions.

he has been paroled eight (not nine) times, and that the parole board's statement that he has two final releases was inaccurate.

{¶ 4} In 2020, Anderson filed an original action in the Tenth District seeking a writ of mandamus to compel DRC to correct its allegedly inaccurate records pertaining to him. He attached to his complaint certified prison records showing that he is, in fact, incarcerated on his fifth inmate number and that he has been paroled only eight times. He also alleged that he has a right to be released from custody under R.C. 2967.15(B), which provides that in certain circumstances a parolee is entitled to a hearing before his parole is revoked. Anderson argued that under R.C. 2967.15(B), a detained parolee is entitled to release if the Adult Parole Authority fails to make a determination on an alleged parole violation within a reasonable time.

{¶ 5} The court of appeals referred the matter to a magistrate pursuant to Civ.R. 53. The magistrate issued a decision recommending denial of the writ. The magistrate concluded that Anderson's institutional records were not inaccurate even though the parole board had derived incorrect totals from the records. The magistrate found that Anderson had received meaningful consideration for parole and was not entitled to release. Anderson filed objections to the magistrate's decision, which the court of appeals declined to address as untimely. Pursuant to Civ.R. 53(D)(4)(c), the court of appeals determined that there was no "error of law or other defect on the face of" the magistrate's decision. 2021-Ohio-3653, ¶ 4. The court of appeals therefore adopted the magistrate's decision as its own and denied the requested writ of mandamus. *Id.* at ¶ 5.

{¶ 6} Anderson appealed to this court as of right.

### Analysis

{¶ 7} By failing to file timely objections to the magistrate's decision, Anderson waived any challenge to the court of appeals' adoption of the magistrate's findings of fact and conclusions of law. *See State ex rel. Franks v. Ohio Adult*

*Parole Auth.*, 159 Ohio St.3d 435, 2020-Ohio-711, 151 N.E.3d 606, ¶ 10. We therefore review the court of appeals' judgment only for plain error. *See* Civ.R. 53(D)(3)(b)(iv); *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 354, 2019-Ohio-933, 126 N.E.3d 1122, ¶ 5.

{¶ 8} To be entitled to a writ of mandamus, Anderson must prove by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of DRC to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 9} Anderson argues that the parole board relied on inaccurate information at his 2012 parole hearing and that DRC has a clear legal duty to correct errors in his inmate records. He relies on *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 26, in which we held that "in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate." In *Keith*, we explained that "where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." *Id*. at ¶ 28.

{¶ 10} The court of appeals did not err in concluding that Anderson's prison records are accurate and that there are no errors within the records that need to be corrected. Anderson himself attached to his complaint certified prison records showing that he has had five (not seven) different inmate numbers and that he has been paroled eight (not nine) times. Anderson complains about what the parole board said about his prison records in the April 4, 2012 decision, but he has not identified any error within the records themselves. This case therefore is unlike *Keith*. Anderson has not demonstrated that "the materials relied on at a parole hearing were substantively inaccurate," *id*.

4

**{¶ 11}** The court of appeals also did not err in concluding that Anderson has no clear right to be released under R.C. 2967.15(B). That statute does not apply to this case, because it applies to detained parolees whose parole has not yet been revoked. Anderson's parole was revoked in 2009. Anderson has not shown error, let alone plain error, in the court of appeals' judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., not participating.

_____

Herbert Anderson, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellees.

_____