[Cite as *Djurin v. Ginley*, 2023-Ohio-1041.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| GORAN DJURIN, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111736 |
| v. | : | |
| BRYAN P. GINLEY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 30, 2023

Civil Appeal from the Lakewood Municipal Court
Case No. 2021CVH00959

### *Appearances:*

Goran Djurin, pro se.

Bryan P. Ginley, pro se.

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Bryan P. Ginley, pro se, appeals the judgment of the trial court regarding the distribution of funds held in escrow in this landlord-tenant dispute. Upon review, we affirm the trial court's decision.

## I. Background

{¶ 2} Ginley was the tenant of a single-family rental home in Lakewood, Ohio. Djurin was the landlord and owner of the property. On August 9, 2022, Ginley filed an application to deposit rent with the court pursuant to R.C. 5321.07. R.C. 5321.07 generally permits a tenant to deposit rent with the court if a landlord fails to fulfill certain obligations imposed under R.C. 5321.04 or under the rental agreement and the tenant has provided proper written notice to the landlord, which is to "be sent to the person or place where rent is normally paid[,]" and given the landlord a reasonable opportunity to remedy the conditions. *See* R.C. 5321.07(A) and (B).[1] As part of the tenant's application, the tenant may apply for an order reducing the periodic rent due the landlord until the landlord remedies the condition. R.C. 5321.07(B)(2).

{¶ 3} During the proceedings before the trial court, Ginley claimed that he sent "text" notice to the landlord of several repairs to be made, but Ginley did not provide any copies of texts that were sent. Ginley relied on an attachment to his application listing repairs to be made as his notice. From August 2021 to January 2022, Ginley deposited monthly rent with the court in the total amount of $6,400.

---

[1] Among other obligations imposed under R.C. 5321.04, a landlord is required to "[c]omply with all applicable building, housing, health, and safety codes that materially affect health and safety"; to "[m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and air conditioning fixtures and appliances and elevators, supplied or required to be supplied by the landlord"; and to "[s]upply running water, reasonable amounts of hot water, and reasonable heat at all times[.]" *See* R.C. 5321.04(A)(1)(4) and (7).

{¶ 4} The trial court conducted several hearings on Ginley's application. Ginley claimed that the hot water tank and front steps were not repaired until October 2021 and that other noted problems were not fixed. Ginley sought to recover the entire amount deposited with the court based on the landlord's failure to make timely repairs and a diminution of rental value.

{¶ 5} Djurin testified that he did not become aware that Ginley did not have hot water until he received notification that Ginley was depositing rent with the court in August 2021. Djurin offered credible testimony as to his difficulties in gaining admittance to the residence from Ginley, which eventually led to a locksmith being called out and the police being called for a welfare check in September 2021.[2] It was only then that Djurin was able to confirm the hot water was not working. However, Djurin then waited until after a court hearing on October 13, 2021, to call a plumber to repair/replace the hot water tank and the repair/replacement did not occur until the end of October 2021.

{¶ 6} In the meantime, a housing inspection was completed on October 14, 2021, and one of the listed corrections had pertained to the hot water tank. The trial court's magistrate determined that "[o]f all the repairs of which the tenant notified the landlord about, the only one which significantly impacts the comfort, health or safety of the tenant is the lack of hot water. * * * [A]ll of the other repairs would not seriously interfere with the tenant's ability to continue to comfortably and safely live

---

[2] There was testimony suggesting that Ginley may have had an unauthorized tenant living at the property.

in the residence." Further, because Ginley had not been cooperative in allowing admittance to the residence, the court included a directive in its orders that the tenant give the landlord and repairmen access necessary to make repairs.

{¶ 7} The trial court magistrate noted in its November 30, 2021 order that "[t]he defendant-tenant's primary complaints of a broken hot water tank and broken front exterior steps have been repaired." It was further determined that most of the tenant's complaints related to problems that "do not affect the defendant-tenant's ability to reside safely in the rental unit, and thus not all of the cited violations [by the building inspector] must be corrected before the rent-escrow can be determined."

{¶ 8} Djurin sold the property in late December 2021. An issue arose in January 2022 after Ginley had asserted that the heat was not working, and a building inspector went to the property and found the furnace was operational. Nonetheless, Djurin conceded that he was not entitled to the rent deposited with the court in January 2022 because he was no longer the owner. Ginley did not deposit any rent thereafter. On February 2, 2022, Ginley filed a "motion for release of escrow funds to tenant."

{¶ 9} The trial court held a hearing on March 21, 2022, and the magistrate issued a decision on May 17, 2022. The magistrate determined "the sole condition for which the tenant is entitled to any rent reduction (diminution in rental value) is the lack of hot water" and that "[t]he tenant is entitled to a rent reduction in an amount equal to one month's rent, that being the month of October 2021 * * *." The

magistrate further determined that Ginley was "not entitled to any rent reduction [due to the lack of hot water] for the months of August and September 2021[,]" during which time Ginley was "resistant and uncooperative in giving admittance[,]" and that Ginley was "not entitled to any rent reduction for any of the period between August 2021 and January 2022 for any of the other allegedly poor conditions for the reason that those conditions were not egregious or serious to the extent that they interfered with the tenant's ability to safely, healthily and comfortably reside in the residence." Insofar as Ginley had complained of leaks in the basement, the trial court's magistrate determined that Ginley had represented he had repaired the plumbing leaks in earlier filings with the court.

{¶ 10} The magistrate determined that, less poundage payable to the court, Djorin was entitled to rent for the months of August 2021, September 2021, November 2021, and December 2021 and Ginley was entitled to "a rental reduction equal to rent for the month of October 2021" and a return of the January 2022 rent. No objections were filed to the magistrate's decision within 14 days.

{¶ 11} On June 13, 2022, the trial court adopted the magistrate's decision and entered a judgment distributing the $6,400 on deposit with court as $4,356 to Djurin and $1,980 to Ginley, with the remaining $64 retained as poundage by the court. Thereafter, on June 30, 2022, the trial court overruled "corrections" to the magistrate's report filed by Ginley on June 23, 2022. The trial court found that the corrections were not well taken, that the magistrate's decision was supported by

credible, substantial, and probative evidence, and that Ginley "failed to timely object to the magistrate's report and cannot now request corrections to the final judgment."

{¶ 12} On July 11, 2022, Ginley filed this appeal pro se. The original notice of appeal was sent to appellee via text and did not include the current address and email for Djurin in conformance with Loc.App.R. 3(B)(3). This court ordered the parties to appear for a Zoom mediation in July 2022, but that did not go forward because appellee's address information had not been provided. An amended notice of appeal was filed with appellee's address information, and mediation was again scheduled for February 16, 2023. That mediation did not go forward because Ginley failed to appear and could not be reached, though Djurin did appear. The matter is now before us for review.[3]

## II. Analysis

{¶ 13} The Supreme Court of Ohio has repeatedly declared that pro se litigants are held to the same standard and must follow the same procedures as litigants represented by counsel. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10, citing *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5; *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10. Although appellate courts generally prefer to review a case on its merits and are willing to afford pro se litigants

---

[3] We note that no appellee brief was filed in this case. Although it appears from appellant's brief that it was sent to appellee via text and was not sent in conformance with App.R. 13(C), appellee appeared for mediation and has not requested additional time to file a brief. Therefore, we shall proceed to address the appeal upon appellant's brief.

some leeway in construing their filings, the leniency that may be afforded is limited. *See French* at ¶ 11. Furthermore, it is not for this court to assume the role of advocate for the pro se litigant. *Duncan v. Bartone*, 11th Dist. Geauga No. 2021-G-0018, 2022-Ohio-755, ¶ 7, citing *McGrath v. Mgt. & Training Corp.*, 11th Dist. Ashtabula No. 2001-A-0014, 2001 Ohio App. LEXIS 5643, 6 (Dec. 14, 2001). Nor is it this court's duty to search for authority or to root out an argument to support an appellant's assignment of error. *Id.* at ¶ 8, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996); *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶ 22.

{¶ 14} Initially, we recognize that Ginley did not file timely objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(i), a party must file objections within 14 days of "the filing" of the magistrate's decision to be timely. In this matter, the magistrate's decision was filed on May 17, 2022. Ginley's objections, which were styled as "corrections," were not filed within the requisite 14-day period. Although Ginley claims that he was prevented from doing so because he did not receive the magistrate's report in a timely manner, it was his responsibility to update his address with the court. The docket reflects that after the initial mailings were returned, the magistrate's decision was sent to Ginley on June 6, 2022, after he provided an updated address to the court. Ginley did not request an extension of time to file objections pursuant to Civ.R. 53(D)(5).

{¶ 15} The trial court may adopt the magistrate's decision if no timely objections are filed. Civ.R. 53(D)(4)(c). The trial court issued its judgment entry on

June 13, 2022, which was after the 14-day period for filing objections. Once the trial court issued its judgment, the court no longer had jurisdiction to consider the "correction of report of the magistrate" that was untimely filed by Ginley on June 23, 2022. *See Stamper v. Keatley*, 4th Dist. Lawrence No. 04CA14, 2004-Ohio-5430, ¶ 9.

{¶ 16} For purposes of our review, because Ginley failed to timely file objections to the magistrate's decision, he has waived any challenge to the trial court's adoption of the magistrate's findings of fact and conclusions of law, except for a claim of plain error. *See State ex rel. Anderson v. Chambers-Smith*, 168 Ohio St.3d 283, 2022-Ohio-2844, 198 N.E.3d 97, ¶ 7; Civ.R. 53(D)(3)(b)(iv). Because Ginley did not invoke the plain-error doctrine on appeal, we need not consider it. *See Nationstar Mtge. L.L.C. v. Jessie*, 8th Dist. Cuyahoga No. 109394, 2021-Ohio-439, ¶ 21; *see also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17-20. On that basis alone, we may overrule the assignment of error. *See Irvin v. Tate*, 10th Dist. Franklin No. 21AP-644, 2022-Ohio-2553, ¶ 8.

{¶ 17} Even if we were to consider plain error, plain-error review is disfavored with respect to civil matters and should be rarely invoked. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). Admittedly, reviewing courts must "proceed with the utmost caution" when applying the plain-error doctrine in a civil case. *Id.* at 121. As the Supreme Court of Ohio has repeatedly stated, it is well-established "that plain error in civil cases is 'sharply limited to the *extremely rare case* involving *exceptional* circumstances where the error, left

unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself[.]'" (Emphasis sic.) *Ohio Power Co. v. Burns*, Slip Opinion No. 2022-Ohio-4713, ¶ 40, quoting *Goldfuss* at 122; *accord State ex rel. Target Auto Repair v. Morales*, 168 Ohio St.3d 88, 2022-Ohio-2062, 195 N.E.3d 1027, ¶ 15. An appellate court may not "overreach[] to provide relief." *See Burns* at ¶ 40.

{¶ 18} In this matter, Ginley, as the appellant, bears the burden of demonstrating error on appeal. *Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110602, 2022-Ohio-380, ¶ 21, citing *Davis v. Wesolowski*, 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.). In large part, Ginley challenges the credibility of Djurin and maintains that Djurin is not entitled to receive any of the funds deposited with the trial court. Ginley's brief fails to cite legal authority under his assignment of error, other than general reference to "the Landlord-Tenant Reform Act of 1974." "We are not obligated to search the record or formulate legal arguments on behalf of the parties * * *." *Quarterman* at ¶ 19.

{¶ 19} The record demonstrates that Ginley was afforded a fair and impartial hearing. Upon considering the testimony presented, the magistrate issued a decision containing detailed findings of fact and conclusions of law, which was adopted by the trial court. The court found the landlord, Djurin, provided credible testimony and determined he was entitled to four of the six months' rent on deposit with the court, less poundage. The court determined "[o]f all the repairs which the tenant notified the landlord about, the only one which significantly impacts the

comfort, health or safety of the tenant is the lack of hot water" and that because Ginley had been "resistant and uncooperative in giving admittance to his unit," he was only entitled to a rent reduction for the month of October 2021, during which time the landlord had delayed in calling a plumber to repair/replace the hot water tank. The court further determined that Ginley was "not entitled to any rent reduction" for any of the other repairs. However, because Djurin sold the property in late December 2021 and conceded he was not entitled to rent thereafter, Ginley also received a return of the rent deposited for January 2022. Upon our review, we do not find this case presents exceptional circumstances warranting application of the plain-error doctrine.

{¶ 20} Appellant's assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR