[Cite as *New v. Jordan*, 2025-Ohio-1458.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANGELA M. NEW,                               :

    Plaintiff-Appellee,           :

                              No. 114313

    v.                              :

ALEXIS T. JORDAN,                           :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case Nos. 2023-CVG-014050, 2024-CVH-00022,
2024-CVG-00151, and 2023-RD-000099

---

### *Appearances:*

Powers Friedman Linn, PLL, Rachel E. Cohen, and
Thomas P. Owen, *for appellee.*

Alexis T. Jordan, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant Alexis T. Jordan, pro se, appeals the trial court's judgment in this landlord-tenant matter. Upon review, we affirm.

{¶ 2} Plaintiff-appellee Angela M. New was the landlord/owner of a property located on Harvard Avenue in Cleveland that was leased by Jordan as the tenant. Four actions were filed between the parties.

{¶ 3} In July 2023, Jordan began to deposit rent with the court in Cleveland, M.C. No. 2023-RD-000099 (July 13, 2023). She filed a rent deposit form, correspondence between the parties with a list of alleged conditions that needed to be remedied, a notice of violation of building and housing ordinances, and other documents. In December 2023, New filed a complaint for forcible entry and detainer and money damages in Cleveland M.C. No. 2023-CVG-014050 (Dec. 8, 2023); and in January 2024, New filed a complaint and application to release rent in Cleveland M.C. No. 2024-CVG-000151 (Jan. 5, 2024). New alleged that she remedied conditions, was not in violation of any obligations, and was entitled to a release of the funds.

{¶ 4} A virtual hearing was held on the eviction claim on December 29, 2023, with both parties present. On January 8, 2024, the trial court adopted a magistrate's decision, granted judgment to New on her claim for forcible entry and detainer, and ordered a writ of restitution to issue. As noted in the magistrate's decision, "[Jordan] claimed retaliation by [New] for complaining about bad conditions. However, the evidence does not support this finding. [Jordan] has deposited rent in [Cleveland M.C. No. 2023-RD-000099]; however, it has been late and not the full amount due of $525.00 each month."

{¶ 5} In January 2024, Jordan filed a complaint for money damages in Cleveland M.C. No. 2024-CVH-000022 (Jan. 2, 2024). In March 2024, Case Nos. 2023-CVG-014050, 2024-CVH-000022, and 2024-CVG-00151 were consolidated.

{¶ 6} The matter proceeded to a consolidated trial before a court magistrate on August 1, 2024. Thereafter, a magistrate's decision was issued. In the decision, the magistrate indicated that Jordan's complaint for money damages in Case No. 2024-CVH-00022 was dismissed with prejudice for failure to comply with discovery under Civ.R. 37. The magistrate proceeded to address New's claims.

{¶ 7} The magistrate's decision includes findings of fact, among others, reflecting that "[a]t some point, the parties entered an oral lease for the premises, whereby [Jordan] agreed to pay [New] $525.00 per month for rent, with a security deposit of $525.00"; in July 2023, Jordan began depositing rent in an escrow account with the court, but she failed to deposit the full amount of rent for each month from July through November 2023 and she did not deposit any rent in January 2023; and Jordon vacated the premises on January 22, 2024.

{¶ 8} The magistrate found that New's testimony was more credible than Jordan's regarding an alleged reduction of rent and that there was no valid agreement between the parties to reduce or modify rent for July through December 2024. The magistrate also noted Jordan's "appearance of bad faith in depositing late and partial payments" for rent, as well as the dismissal of Jordan's complaint for failure to comply with the rules. The magistrate further found Jordan had

"caused damage to the premises that was beyond normal wear and tear," as supported by exhibits in the record.

{¶ 9} The magistrate indicated that "[a]lthough [Jordan] had the opportunity to object to [New's] evidence, cross-examine [New], and argue any defense, [Jordan] expressed that she did not receive a fair trial, and abruptly exited the virtual hearing room before the trial concluded." The magistrate rejected Jordan's claim that she did not receive a fair trial after recognizing that before trial "[Jordan] had the opportunity to list her claims and [provide] supporting evidence, but she failed to do so," and Jordan also "failed to participate in discovery" or to engage in trial preparation.

{¶ 10} Ultimately, the magistrate recommended that Jordan's complaint for money damages be dismissed with prejudice and that judgment be entered for New in the amount of $3,795.40 for back rent and property damage, which amount accounted for the security deposit, plus cost and interest. The magistrate also recommended the release of the full amount on deposit to New and determined "[u]pon release of the funds to [New], [Jordan] will owe [New] $1,709.47, plus cost and interest, to satisfy the total judgment amount of $3,795.40, plus cost and interest."

{¶ 11} Jordan did not file any objections to the magistrate's decision, nor was a transcript filed. On August 23, 2024, the trial court approved and confirmed the magistrate's decision and entered judgment consistent with the magistrate's recommendation. Jordan appealed.

{¶ 12} Under her sole assignment of error, Jordan claims that she "followed the law to get the repairs made," paid her rent on time, contacted the city and had a housing inspection done, and placed her rent in escrow and that her argument was not heard and she was cut off at trial.

{¶ 13} We recognize that Jordan appeared in this matter pro se. The Supreme Court of Ohio has repeatedly declared that pro se litigants are held to the same standard and must follow the same procedures as litigants represented by counsel. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, citing *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5; *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10. Although appellate courts generally prefer to review a case on its merits and are willing to afford pro se litigants some leeway in construing their filings, the leniency that may be afforded is limited. *See French* at ¶ 11. Furthermore, "it is not for this court to assume the role of advocate for the pro se litigant." *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 13 (8th Dist.), citing *Duncan v. Bartone*, 2022-Ohio-755, ¶ 7 (11th Dist.).

{¶ 14} In this matter, Jordan did not file objections to the magistrate's decision, nor did she file a transcript in the trial court. Pursuant to Civ.R. 53(D)(4)(c), "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Further, even if objections had been filed, absent a transcript, a party waives any appeal of the magistrate's findings other than claims of plain error. *Missionaries of the*

*Sacred Heart, Inc. v. Ohio Dept. of Youth Servs.*, 2021-Ohio-1559, ¶ 18, citing Civ.R. 53(D)(3)(b)(iv).

{¶ 15} Therefore, Jordan has waived any challenge to the trial court's adoption of the magistrate's findings of fact and conclusions of law, except for a claim of plain error. *See Djurin* at ¶ 16, citing *State ex rel. Anderson v. Chambers-Smith*, 2022-Ohio-2844, ¶ 7; Civ.R. 53(D)(3)(b)(iv). Because Jordan did not invoke the plain-error doctrine on appeal, we need not consider it. *See id.*, citing *Nationstar Mtge. L.L.C. v. Jessie*, 2021-Ohio-439, ¶ 21 (8th Dist.); *see also State v. Quarterman*, 2014-Ohio-4034, ¶ 17-20. Nonetheless, even if we were to consider plain error, we recognize that plain error in civil cases should be rarely invoked and is "'sharply limited to the *extremely rare case* involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself[.]'" (Emphasis sic.) *Ohio Power Co. v. Burns*, 2022-Ohio-4713, ¶ 40, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997); *accord State ex rel. Target Auto Repair v. Morales*, 2022-Ohio-2062, ¶ 15. This is not such a case.

{¶ 16} In this matter, the magistrate issued a decision containing detailed findings of fact and conclusions of law, which was adopted by the trial court. Because no transcript or affidavit of the evidence was filed under Civ.R. 53(D)(3)(b)(iii), Jordan has waived all factual challenges to the magistrate's decision on appeal. *See Nelson v. Testa*, 2024-Ohio-4486, ¶ 15 (8th Dist.), citing

*Rosett v. Holmes*, 2023-Ohio-606, ¶ 22 (8th Dist.). Further, Jordan did not establish any error of law on the face of the magistrate's decision.

{¶ 17} Insofar as Jordan claims she followed the law in depositing rent with the court, although a tenant may be permitted to do so in accordance with R.C. 5321.07, the trial court determined that Jordan's deposits were late and not in the full amount due each month and that there was no valid agreement between the parties to reduce or modify rent for July through December 2024. The trial court entered judgment for New and awarded New damages for back rent and property damage and ordered the release of the funds that were deposited to New. Jordan's complaint for money damages was dismissed with prejudice. The limited record before us reflects that Jordan was afforded a fair and impartial trial, and in the absence of a transcript on appeal, we must presume regularity in the trial court proceedings. *See Nelson* at ¶ 23. Upon our review, we do not find this case presents exceptional circumstances warranting application of the plain-error doctrine.

{¶ 18} Appellant's assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court Housing Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR