[Cite as *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STEPHEN K. CHRZANOWSKI,　　　　:

　　Plaintiff-Appellee,　　　　:

　　　　　　　　　　　　　　　　　Nos. 114932 and 114933

　　v.　　　　　　　　　　　　:

MARY CHRZANOWSKI,　　　　　:

　　Defendant-Appellant.　　　:

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-23-394488

*Appearances:*

David P. Thomas, *for appellee.*

Mary Chrzanowski, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Stephen K. Chrzanowski ("Stephen") and Mary Chrzanowski ("Mary")

were married on July 1, 1989.  Stephen filed a complaint for divorce on April 24,

2023. During the pendency of the divorce proceedings in the Cuyahoga County Domestic Relations Court, Mary intermittently appeared pro se.[1]

**{¶ 2}** On June 18, 2024, the court held a hearing as to an agreed judgment entry ("AJE") that the parties had signed. Mary appeared, pro se, at this hearing. The AJE dissolved the parties' marriage and divided their property. Additionally, the parties agreed that Stephen would pay Mary spousal support in the amount of $3,250 per month. At the hearing, Stephen and Mary stated on the record that they were in agreement with the terms of the AJE although Mary expressed multiple times that she signed the AJE to put closure to the case. "[D]ue to my health, I just signed it but I don't want to deal with all this anymore . . . . So, I just, my health, due to my health reasons, I cannot handle anymore pressures going to trial or anything else. So I signed." The magistrate asked Mary, "So, what you're saying is that you didn't get everything you asked for, but you still signed the document?" Mary responded, "I signed because — because of my health reasons. I — I can't deal with all this, all this information, and coercion. I mean I just, it's too much." The magistrate told Mary that the case could still go to trial and the court could decide the issues. Mary stated, "No. I want to go through with this. I want to go, end it, because like I said I'm concerned for my health."

---

[1] Mary's first attorney filed a notice of appearance on June 6, 2023, and filed a motion to withdraw as Mary's attorney of record on September 18, 2023, after Mary discharged his services. Mary's second attorney filed a notice of appearance on October 10, 2023, and filed a motion to withdraw as Mary's attorney of record on March 28, 2024, after Mary discharged her services.

{¶ 3} On that same day, the court issued a judgment entry of divorce memorializing the terms of the AJE. Neither party filed a direct appeal from this judgment entry.

{¶ 4} Relevant to this appeal, on September 13, 2024, Stephen filed a motion to show cause as to why Mary should not be found in contempt of court for failing to sign the parties' 2023 tax returns as ordered in the June 18, 2024 judgment entry of divorce. On October 4, 2024, Stephen filed a motion for attorney fees incurred as a result of his motion to show cause. On October 11, 2024, Mary filed a motion to dismiss the two aforementioned motions.

{¶ 5} The court held a hearing on these three motions on October 15, 2024. Stephen was represented by counsel at this hearing and Mary appeared, pro se. The parties agreed that Mary signed the tax documents on October 10, 2024 and the court then granted Mary's motion to dismiss Stephen's motion to show cause. The hearing proceeded on Stephen's motion for attorney fees. Stephen's attorney testified as follows during Mary's cross-examination of him:

> [Y]ou refused to sign [the tax documents] when we came to court on 10/2, the Magistrate begged you five times, if not ten times . . . [a]nd you didn't do it. You also . . . said that [Stephen] needs to file and pay you back for some type of property taxes, which the Magistrate commented that you were using that as ransom. And again you refused to sign the tax return in front of all of us on 10/2.

{¶ 6} A magistrate's decision was issued on January 16, 2025, granting Stephen's motion for attorney fees and ordering Mary to pay Stephen $4,075. In this decision, the magistrate found, in part, as follows:

Rather than cooperate, [Mary] engaged in [a] campaign of resistance. The evidence shows that [Mary] did not cooperate with [the] order to finalize taxes until the eve of the hearing on the instant motions. By [Mary's] own admission, she sought to delay and aggravate [Stephen's] desire to meet tax deadlines . . . . [Mary's] replies to [Stephen] in a series of emails, after the order to cooperate with tax filing was issued, clearly show that [Mary] used the threat of missing the federal income tax filing deadline to bully [Stephen] into paying [Mary] additional sums of money, namely [Mary's] property taxes.

{¶ 7} Neither party filed objections to this magistrate's decision.

{¶ 8} On February 5, 2025, Mary filed a motion to show cause as to why Stephen should not be found in contempt of court for failing to pay approximately $10,000 in property taxes for the marital home that she was awarded in the June 18, 2024 divorce decree. The court issued a judgment entry on February 19, 2025, dismissing Mary's motion and finding that she was attempting "to substitute her failure to appeal from the decree of divorce . . . ." The court further found that, although it ordered Stephen to pay the property taxes in its October 10, 2023 order for temporary support, the final divorce decree, which superseded the temporary order, did not require Stephen to pay the property taxes.

{¶ 9} The court issued a judgment entry on February 24, 2025, adopting the magistrate's January 16, 2025 decision, in its entirety, and ordering Mary to pay Stephen $4,075 in attorney fees.

{¶ 10} Mary appeals from both the February 19, 2025 and the February 24, 2025 journal entries raising two assignments of error for our review. Because Mary's arguments are somewhat unclear, her assignments of error are reproduced verbatim from her appellate brief.

**Assignment of Error One:** Judgement Entry — 2/24/25 regarding Appellee's/Plaintiff's Motions filed on 9/13/24 and 10/4/24. I am ordered to pay Plaintiff's attorney fees of $4,075. There was an error made by trial court in applying the law and inaccurate information in regard to Plaintiff's Motion to Show Cause filed on 9/13/24 **(2023 joint tax filing & attorney fees)**. Plaintiff filed another Motion for the same Attorney Fees ($4,075) on 10/4/24. In other words, Plaintiff filed for the same attorney fees twice. Motion filed on 9/13/24 should have been dismissed at the pretrial on 10/2/24 **(or earlier)** as the deadline for the 2023 tax filing was not until 10/15/24. It was not past the due date and no court rules or decrees were violated.

Furthermore, the Motion filed on 9/13/24 was illegible, blurry and tiny print **(12 point font was not used per court rules).** In the Motion for Attorney Fees **(page 3)** filed on 10/4/24, it appears that Attorney Thomas decided the verdict, prior to trial, and prepared the Court Order for [the magistrate] to sign. This is biased and a conflict of interest. It looks as if the attorney is the decision maker (not [the magistrate]). The decision was decided before the trial by the attorney. Domestic Relations Court appears to be rigged!

**Assignment of Error Two:** Judgment Entry — 2/19/25 regarding Appellant's/Defendant's Motion to Show Cause filed on 2/5/25 for reimbursement of $10,000 for deed transfer and real estate taxes per Court Orders dated 10/10/23 and 6/18/24. Plaintiff is in contempt of court! My Motion to Show Cause was dismissed without a pre-trial or hearing. I was not even notified by the trial court via email or US mail. I had to request the Judgment Entry filed on the court docket on 2/19/24 from the Archive Department.

{¶ 11} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). However, courts "afford pro se litigants some leeway in

construing their filings . . . ." *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 13 (8th Dist.).

"But that leeway manifests in limited ways [including] attempting to address a pro

se litigant's arguments on the merits when they are indecipherable . . . ." *French* at

¶ 11. "[I]t is not for this court to assume the role of advocate for the pro se litigant

. . . . Nor is it this court's duty to search for authority or to root out an argument to

support an appellant's assignment of error." *Djurin* at ¶ 13.

{¶ 12} App.R. 16(A)(7) states that an "appellant shall include in its brief . . .

[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on

which appellant relies." Pursuant to App.R. 16(A)(2), an "appellant shall include in

its brief . . . [a] table of cases alphabetically arranged, statutes, and other authorities

cited, with references to the pages of the brief where each error is reflected."

{¶ 13} Furthermore, under App.R. 12(A)(2), this "court may disregard an

assignment of error presented for review if the party raising it fails to identify in the

record the error on which the assignment of error is based or fails to argue the

assignment of error separately in the brief, as required under App.R. 16(A)."

{¶ 14} In this case, Mary does not include any legal authority in her appellate

brief to support either of her assignments of error. Indeed, Mary concedes this in

her appellate brief. The "TABLE OF AUTHORITIES" page is blank other than the

following parenthetical: "(No cases referenced)[.]"

{¶ 15} Ohio courts have consistently held that "[a]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.). *See also Hausser & Taylor, LLP v. Accelerated Sys. Integration, Inc.*, 2005-Ohio-1017, ¶ 10 (8th Dist) ("It is not the duty of this court to sort through the record to root out arguments and evidence in support of an appellant's assignment of error."); *Shaker HTS ex rel. Lake v. Shaker Hts.*, 2024-Ohio-3007, ¶ 25 (8th Dist.) ("Appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error."); *State v. Moore,* 2019-Ohio-2633, ¶ 12 (3d Dist.) ("Moore's failure to cite any legal authority to support his arguments that the trial court erred in some capacity renders his assignment of error a nullity pursuant to App.R. 12(A)(2).")

{¶ 16} A careful reading of Mary's appellate brief shows that her arguments lack any basis in the law. For example, under her first assignment of error, Mary "argues" as follows: "Why am I ordered to pay Plaintiff's attorney fees of $4,075? NO LAWS OR COURT DECREES WERE VIOLATED BY THE DEFENDANT! This was a very unfair and unjust decision!" Again, Mary cites no legal authority under this assignment of error and does not set forth why, or how, she believes the court erred when it ordered her to pay a portion of Stephen's attorney fees. Likewise, in what we can glean from Mary's second assignment of error, she is seeking a $10,000

reimbursement from Stephen for property taxes she paid after the divorce was final. However, Mary cites no law to support this argument.

{¶ 17} To succeed on appeal, an appellant must demonstrate that the trial court committed an error by citing what the law is and showing how the trial court fell short. *See, e.g., Fontain v. Sandhu*, 2021-Ohio-2750, ¶ 15 (1st Dist.) ("The appellant has the burden on appeal . . . . An appellate court will not create an argument in support of an assignment of error where an appellant fails to develop one."). "The appellant cannot prove the trial court erred by 'merely setting forth conclusory statements' that claim the trial court erred." *Adams v. June*, 2021-Ohio-168, ¶ 8 (3d Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.).

{¶ 18} Accordingly, pursuant to App.R. 12(A)(2), 16(A)(2) and 16(A)(7), we disregard Mary's assignments of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
MICHAEL JOHN RYAN, J., CONCUR