[Cite as *Rasheed v. Robinson*, 2025-Ohio-3284.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KHALIL RASHEED,                          :

    Plaintiff-Appellee,          :

                               No. 114757

    v.                           :

KATRINA T. ROBINSON,                     :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 11, 2025

---

Civil Appeal from the Cleveland Municipal Court
Housing Court Division
Case No. 2021-CVG-005183

---

### *Appearances:*

Katrina T. Robinson, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Katrina Robinson ("Robinson"), acting pro se, appeals the Cleveland Municipal Court Housing Division's ("Housing Court") journal entry denying her motion for relief from judgment in this forcible entry and detainer action. For the following reasons, we affirm the Housing Court's judgment.

## I. Previous Foreclosure Litigation

{¶ 2} Robinson purchased real property located at 3526 W. 127th St., in Cleveland, Ohio (the "Property") in January 2002. On May 14, 2018, KeyBank National Association ("KeyBank") filed a foreclosure complaint against Robinson alleging that, beginning in May 2016, Robinson defaulted on the mortgage note on the Property. *KeyBank v. Robinson*, Cuyahoga C.P. No. CV-18-897666. In this foreclosure complaint, KeyBank acknowledged that Robinson "has been discharged in a Chapter 7 Bankruptcy, Case Number 08-17715-aih, and therefore is no longer personally liable for the debt herein." However, the right to proceed on a foreclosure action survives a bankruptcy discharge. *Deutsche Bank Natl. Trust Co. v. Holden*, 2016-Ohio-4603, ¶ 35 ("[W]hen debt on a promissory note secured by a mortgage has been discharged by a bankruptcy court, the holder of the note may not pursue collection against the maker of the note; however, the holder of the mortgage has standing to foreclose on the property and to collect the deficiency on the note from the foreclosure sale of the property.").

{¶ 3} On April 29, 2019, the magistrate issued a decision recommending that summary judgment be granted in favor of KeyBank and against Robinson, resulting in a $54,937.41 damage award to be paid from the proceeds of a sheriff's sale of the Property. Robinson, who represented herself in the trial court, filed objections to the magistrate's decision and, on June 10, 2019, the trial court overruled her objections and adopted the magistrate's decision.

{¶ 4} Robinson, again acting pro se, appealed to this court on July 5, 2019. *See KeyBank Natl. Assoc. v. Robinson*, 2020-Ohio-6734 (8th Dist.) ("*Robinson I*"). Robinson filed a second bankruptcy action on July 23, 2019. This court stayed the appeal in *Robinson I* pending the bankruptcy action. On March 3, 2020, this court lifted the stay after KeyBank filed a notice that Robinson's second bankruptcy had been discharged on November 20, 2019.

{¶ 5} On December 17, 2020, this court issued an opinion affirming the trial court's granting summary judgment in favor of KeyBank and proceeding with the foreclosure action, finding that Robinson failed to present any evidence showing an issue of fact to overcome summary judgment. *Robinson I* at ¶ 50, 58. Over the next four years, Robinson filed various motions attempting to vacate this court's judgment in *Robinson I*. In a journal entry, this court denied these motions, finding that "[t]he decision for this appeal was issued on December 17, 2020. This court no longer has jurisdiction over this appeal."

{¶ 6} On January 19, 2021, the Property was sold at a sheriff's sale to Khalil Rasheed ("Rasheed"). The trial court confirmed this sale on February 22, 2021. *See KeyBank v. Robinson*, Cuyahoga C.P. No. CV-18-897666. Robinson did not appeal the confirmation of the sale. Rather, Robinson filed various motions attempting to vacate the sale which the trial court denied. Robinson also filed a third bankruptcy action which was dismissed by the bankruptcy court.

## II. Procedural History in This Case

{¶ 7} On May 12, 2021, Rasheed filed a complaint in the Housing Court against Robinson for forcible entry and detainer; alleging that he owned the Property, he requested that Robinson vacate the Property and Robinson failed to vacate the Property. Robinson, acting pro se, filed a cross-complaint against Rasheed alleging various causes of action and legal theories. Robinson also filed several motions, including a motion for an emergency temporary restraining order and a motion for injunction.

{¶ 8} On July 12, 2021, a magistrate issued a decision recommending judgment be granted for Rasheed and "overruling" Robinson's motions finding they are "without merit." The magistrate also found that "[b]ecause [Robinson] has lived there since 2002, [Robinson] shall be provided 30 days to vacate." The magistrate then inexplicably set the move-out date for July 26, 2021, which was 14 days after the decision was issued. Also on July 12, 2021, the court issued a judgment entry stating that the "Magistrate's Decision is approved and confirmed" and entering judgment in favor of Rasheed. The court also ordered Robinson's move-out date to be July 26, 2021.

{¶ 9} On July 27, 2021, Robinson filed various documents, including objections to the magistrate's decision, an emergency motion to stay and a motion to show cause. On July 30, 2021, the Housing Court issued a judgment entry granting Robinson's motion to stay and extending her move-out date as follows: "the new move-out shall proceed prior on August 11, 2021."

{¶ 10} The Housing Court issued another judgment entry on August 10, 2021, denying the remainder of Robinson's motions and overruling her objections to the magistrate's decision. As to the objections to the magistrate's decision, the court found as follows:

> In her objection[s], [Robinson] continues to argue that she is the titled-owner and [Rasheed] fraudulently acquired the property. [Robinson] also argues that she is "covered" under the CDC Eviction Moratorium. But the moratorium applies only to eviction for nonpayment of rent. *See* 86 FR 4324. This eviction is unrelated to nonpayment. As the Magistrate correctly found, the parties never had a rental agreement. After twenty years of ownership, [Robinson] unfortunately defaulted on the mortgage; KeyBank National Association foreclosed on the property; and [Rasheed] purchased the property at a Sheriff's Sale. The Court of Common Pleas confirmed the legality of the sale and the deed transferred to [Rasheed]. [Rasheed] is now the true owner and [Robinson] refused to vacate. There are no errors of law or fact in the Magistrate's Decision. [Robinson] fails to state with specificity the grounds for the objection[s] and omitted the required transcripts. *See* Civ.R. 53. Thus, [Robinson's] objection[s are] overruled.

{¶ 11} In this journal entry, the Housing Court entered judgment in favor of Rasheed, confirmed the move-out date of August 11, 2021 and noted that "[t]here will be no further relief granted in this case."

{¶ 12} On August 11, 2021, Robinson filed yet another notice of bankruptcy. On August 12, 2021, Robinson filed another emergency motion to stay, a motion to compel discovery and a motion to dismiss. On August 13, 2021, the Housing Court granted the motion to stay, changed the move-out date to August 19, 2021 and denied Robinson's other motions.

{¶ 13} On August 18, 2021, Robinson filed a motion to reconsider. In a journal entry signed by a judge from the Cleveland Municipal Court General

Division, the Housing Court denied Robinson's motion to reconsider and stated that "move-out may proceed as scheduled on August 20, 2021." To be precise, this journal entry states that it was issued by the "Cleveland Municipal Court Housing Division" by "Judge W. Mona Scott" but it was signed by Cleveland Municipal Court General Division Judge Michael L. Nelson, Sr., above Judge Scott's signature block.[1]

{¶ 14} On August 24, 2021, Robinson filed an appeal with this court. In this appeal, Robinson conceded that she was evicted from the Property on August 20, 2021. On September 14, 2021, this court dismissed Robinson's appeal as moot because the case was a forcible entry and detainer action and she had been evicted from the Property. *See Rasheed v. Robinson*, 8th Dist. Cuyahoga No. 110768 ("*Robinson II*"); *Riolo v. Navin*, 2002-Ohio-1551 (8th Dist.) (Forcible entry and detainer actions become moot once the owner gains possession of the property.).

{¶ 15} On March 1, 2023, Robinson filed a motion for relief from judgment and a motion to dismiss. As to the motion for relief from judgment, Robinson argued that the Housing Court committed a "clerical error" pursuant to Civ.R. 60(B).[2] In her motion, Robinson listed 21 "errors" that she considered clerical, such

---

[1] Pursuant to R.C. 1901.181(B)(1), "If . . . the judge of the housing division of a municipal court is on vacation, sick, absent, or is unavailable because of recusal or another reason, the administrative judge of the court, in accordance with the Rules of Superintendence for Municipal Courts and County Courts, shall assign another judge or judges of the court to handle any action or proceeding or, if necessary, all actions and proceedings of the division during the time that its judge is unavailable." *See also In re C.B.,* 2014-Ohio-5339, ¶ 15 (8th Dist.) (A "case may be reassigned, but the reassignment of any case must be accompanied by a journal entry from the administrative judge that states a justifiable reason for transferring the case to another judge.").

[2] Clerical errors or mistakes are governed by Civ.R. 60(A).

as "The burden of Proof falls on Plaintiff," "Slander of title" and "Deprive of procedural due process for trial and discovery and compel." In the argument section of this motion, Robinson stated that courts "are required to grant relief from default judgment upon a showing of lack of jurisdiction in 60(b)(4) motions because '[e]ither a judgment is void or it is valid.'"

{¶ 16} On August 14, 2023, the Housing Court denied Robinson's motion for relief from judgment.

{¶ 17} On November 12, 2024, Robinson filed what she captioned as a "motion to dismiss for lack of 'color of title,'" in which she argued that under Civ.R. 60(B), the court should "dismiss" the eviction claim filed against her by Rasheed. On November 27, 2024, the Housing Court deemed this filing Robinson's second motion for relief from judgment and denied the motion.

{¶ 18} On December 20, 2024, Robinson filed a "motion for reconsideration and dismissal for lack of 'color of title,'" in which she again argued that the Housing Court should "dismiss" this case pursuant to Civ.R. 60(B). In a December 27, 2024 journal entry signed by a judge from the Cleveland Municipal Court General Division, the Housing Court denied Robinson's motion, referring to it as a third motion for relief from judgment. To be precise, this journal entry states that it was issued by the "Cleveland Municipal Court Housing Division" by "Judge W. Mona Scott," and it was signed by Cleveland Municipal Court General Division Judge Jeffrey D. Johnson above Judge Scott's signature block.

{¶ 19} Robinson, acting pro se, appeals from this December 27, 2024 journal entry raising the following assignments of error for our review:

I. The Cleveland Municipal Housing Court erred in dismissing [Robinson's] motion to dismiss for lack of "color of title," disregarding procedural and evidentiary defects.

II. The trial court failed to recognize [Robinson's] federal bankruptcy protections under 11 U.S.C. §§ 362 and 524, rendering the eviction unlawful.

III. The trial court engaged in judicial misconduct and abused its discretion by mischaracterizing [Robinson's] arguments as "rambling and not going to entertain" rather than applying established legal precedent.

IV. The trial court failed to require [Rasheed] to provide verified ownership documentation, violating Ohio Rev. Code § 1923.01 and § 2329.45.

V. The trial court ignored higher court rulings and constitutional protections, demonstrating systemic bias against homeowners subjected to wrongful foreclosure and fraudulent conveyance schemes.

VI. The trial court denied [Robinson's] rights under the COVID-19 eviction moratoriums issued by federal, state, and local authorities, despite being aware of her financial reorganization and unresolved property liens.

VII. The trial court improperly allowed [Rasheed] to rely on forged and fraudulent documentation to claim ownership of the property, violating Ohio real estate and consumer protection laws.

{¶ 20} We note that Rasheed did not file an appellate brief or otherwise enter an appearance in this appeal.

## III. Law and Argument

### a. Pro Se Litigants

{¶ 21} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'"

*State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). However, courts "afford pro se litigants some leeway in construing their filings . . . ." *Djurin v. Ginley*, 2023-Ohio-1041, ¶ 13 (8th Dist.). "But that leeway manifests in limited ways [including] attempting to address a pro se litigant's arguments on the merits when they are indecipherable . . . ." *French* at ¶ 11. "[I]t is not for this court to assume the role of advocate for the pro se litigant . . . . Nor is it this court's duty to search for authority or to root out an argument to support an appellant's assignment of error." *Djurin* at ¶ 13.

### b. Res Judicata

{¶ 22} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sneed*, 2005-Ohio-1865, ¶ 16 (8th Dist.), citing *State v. Brown*, 2004-Ohio-6421, ¶ 7 (8th Dist.).

{¶ 23} In most, if not all, of Robinson's filings in this case, she asserted that she still owns the Property because of her bankruptcy proceedings and COVID-19 eviction moratoriums. Robinson further argues that the court "failed to recognize

fraudulent actions" by Rasheed. Indeed, these arguments can be traced back to Robinson's filings in the foreclosure case in the Cuyahoga County Common Pleas Court. *See KeyBank v. Robinson*, Cuyahoga C.P. No. CV-18-897666. Robinson also made these arguments in *Robinson I* and *Robinson II*. In all instances, the common pleas court, the Housing Court and this court rejected Robinson's arguments or found them moot because she had already been evicted from the Property.

{¶ 24} In this case, the Housing Court entered final judgment against Robinson on July 12, 2021 and overruled Robinson's objections to the magistrate's decision on August 10, 2021. Robinson appealed and this court dismissed the appeal as moot because Robinson had already been evicted. *Robinson II*. Robinson filed motions for relief from judgment on March 1, 2023, November 12, 2024 and December 20, 2024. The Housing Court denied all three of these motions. As noted previously, Robinson made the same arguments in all of these filings as she is making in this appeal. In other words, the issues Robinson raises on appeal "have been previously litigated" and her arguments are barred by the doctrine of res judicata.

{¶ 25} Accordingly, Robinson's assignments of error are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant any costs herein taxed against him.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court, housing division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR